**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**Northern Division**

| | | |
|---|---|---|
| PSEG RENEWABLE TRANSMISSION LLC, | * | |
| | * | |
| 80 Park Plaza Newark, NJ 07101 | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| ARENTZ FAMILY, LP, | * | |
| | * | |
| 1501 Hanover Pike Littlestown, PA 17340 | * | |
| | * | |
| BARNEY'S FARM, LLC, | * | |
| | * | |
| 5100 Buckeystown Pike, Ste. 250 Frederick, MD 21704 | * | |
| | * | |
| DELLS GENERATION FARMS, LLC, | * | |
| | * | |
| 2401 Bachman Valley Road Manchester, MD 21102 | * | |
| | * | |
| GROVES MILL, LLC, | * | |
| | * | |
| 1252 Beggs Road Westminster, MD 21157 | * | |
| | * | |
| HZ PROPERTIES, LLC, | * | |
| | * | |
| 21221 Mikules Manor Lane Freeland, MD 21053 | * | |
| | * | |
| M & R, LLC, | * | |
| | * | |
| 334 Turner Crossing Road Parkton, MD 21120 | * | |
| | * | |

PANORA ACRES, INC.,                          *

3000 Traceys Mill Road                       *
Manchester, MD 21102
                                             *

PETER AND JOHN RADIO
FELLOWSHIP, INC.,                            *

4443 Grave Run Road                          *
Manchester, MD 21102
                                             *

RBC REAL ESTATE I, LLC,
                                             *
2329 East Ruhl Road
Freeland, MD 21053                           *

SCHOOL OF LIVING,                            *

21300 Heathcote Road,                        *
Freeland, MD 21053
                                             *

THE DUG HILL ROD AND GUN
CLUB, INC.,                                  *

4100 Wine Road                               *
Westminster, MD 21158
                                             *

TROYER FARMS, LLC,
                                             *
17905 Troyer Road
White Hall, MD 21161                         *

TROYER REAL ESTATE, LLC,                     *

17905 Troyer Road                            *
White Hall, MD 21161
                                             *

ALENE R. STICKLES,
                                             *
1038 East Deep Run Road
Westminster, MD 21158                        *

ROBERT H. STICKLES, SR.,                     *

1038 East Deep Run Road                      *
Westminster, MD 21158

ALLAN PATRICK SANDERS,                    *

4754 Springdale Road                      *
Manchester, MD 21102
                                          *
ROY FRANCIS SANDERS,
                                          *
4754 Springdale Road
Manchester, MD 21102                      *

AMY GAYLE YOUNGBLOOD,                     *

21021 Keeney Mill Road                    *
Freeland, MD 21053
                                          *
ANDREW D. MCLEAN,
                                          *
3930 Saint Pauls Road
Manchester, MD 21102                      *

REBECCA MCLEAN,                           *

3930 Saint Pauls Road                     *
Manchester, MD 21102
                                          *
ANN F. PRICE-DAVIS,
                                          *
1004 Freeland Road
Freeland, MD 21053                        *

MICHAEL A. DAVIS,                         *

1004 Freeland Road                        *
Freeland, MD 21053
                                          *
AUSTIN L. KALTRIDER,
                                          *
4240 Schalk Road Number 1
Millers, MD 21102                         *

JOYCE E. KALTRIDER,                       *

4240 Schalk Road Number 1                 *
Millers, MD 21102
                                          *

MARLIN L. KALTRIDER,                          *

4240 Schalk Road Number 1                     *
Millers, MD 21102
                                              *
MARVIN L. KALTRIDER,
                                              *
4240 Schalk Road Number 1
Millers, MD 21102                             *

SHAWN L. KALTRIDER,                           *

4240 Schalk Road Number 1                     *
Millers, MD 21102
                                              *
BARCLAY G. CARAS,
                                              *
21108 Slab Bridge Road
Freeland, MD 21053                            *

PAMELA J. CARAS,                              *

21108 Slab Bridge Road                        *
Freeland, MD 21053
                                              *
BENJAMIN EUGENE NUSBAUM,
                                              *
2419 Bachman Valley Road
Manchester, MD 21102                          *

KENNETH EUGENE NUSBAUM,                       *

2419 Bachman Valley Road                      *
Manchester, MD 21102
                                              *
BETTY LOU MILLER,
                                              *
2736 West Ruhl Road
Freeland, MD 21053                            *

CARL E. MILLER,                               *

2736 West Ruhl Road                           *
Freeland, MD 21053
                                              *

BRANDON HILL,                                    *

21012 West Liberty Road                          *
White Hall, MD 21161
                                                 *
BRUCE E. DOAK,
                                                 *
3801 Baker Schoolhouse Road
Freeland, MD 21053                               *

GAYLE M. DOAK,                                   *

3801 Baker Schoolhouse Road                      *
Freeland, MD 21053
                                                 *
BRYAN N. HENDRIX,
                                                 *
2624 West Ruhl Road
Freeland, MD 21053                               *

CONSTANCE M. HENDRIX,                            *

2624 West Ruhl Road,                             *
Freeland, MD 21053
                                                 *
C. WILLIAM KNOBLOCH, JR. &
CAROL KNOBLOCH REVOCABLE                         *
LIVING TRUST AGREEMENT
DATED JANUARY 30, 2019,                          *

4685 Crossroad Schoolhouse Road,                 *
Millers, MD 21102
                                                 *
CARMEN COCKEY,
                                                 *
4766 Schalk Road Unit 1
Manchester, MD 21102                             *

CHRISTOPHER D. COCKEY,                           *

4766 Schalk Road Unit 1                          *
Manchester, MD 21102
                                                 *

                                                 *

5

CAROL J. FERTITTA,                              *

4011 York Road Unit 1                          *
Millers, MD 21102
                                               *

JOSEPH V. FERTITTA III,

                                               *
4011 York Road Unit 1
Millers, MD 21102                              *

CATHERINE M. GESTIDO,                          *

1930 Oakmont Road                              *
Fallston, MD 21047
                                               *

EDUARDO E. GESTIDO,

                                               *
1930 Oakmont Road
Fallston, MD 21047                             *

CATHERINE V. MILLER,                           *

4850 Schalk Road Number 1                      *
Millers, MD 21102
                                               *

WAYNE D. MILLER,

                                               *
4850 Schalk Road Number 1
Millers, MD 21102                              *

CHARLES GARY ATKINSON,                         *

632 Freeland Road                              *
Freeland, MD 21053
                                               *

INDRANEE KURUPPUNAYAKE,

                                               *
632 Freeland Road
Freeland, MD 21053                             *

STEPHEN GORDON ATKINSON,                       *

632 Freeland Road                              *
Freeland, MD 21053
                                               *

CHARLES WILLIAM BOND,                    *

21333 Ridge Road                         *
Freeland, MD 21053
                                         *
MORGAN DAVIS BOND,
                                         *
1426 Oakland Road
Freeland, MD 21053                       *

CHARLOTTE RUTH BIXLER,                   *

800 Bachmans Valley Road                 *
Westminster, MD 21158
                                         *
CHERYL ANN GEARY,
                                         *
21129 Gunpowder Road
Manchester, MD 21102                     *

PAUL JOSEPH GEARY,                       *

21129 Gunpowder Road                     *
Manchester, MD 21102
                                         *
CHRIS N. RESH,
                                         *
4921 Shaffer Mill Road
Lineboro, MD 21102                       *

DOROTHY I. DONMOYER,                     *

4921 Shaffer Mill Road                   *
Lineboro, MD 21102
                                         *
PETRICE MARIE DONMOYER-RESH,
                                         *
4921 Shaffer Mill Road
Lineboro, MD 21102                       *

ROBERT L. DONMOYER,                      *

4921 Shaffer Mill Road                   *
Lineboro, MD 21102
                                         *

7

CHRISTINE D. EYRING,                          *

4735 Crossroad Schoolhouse Road              *
Manchester, MD 21102
                                             *
JOHN M. EYRING, JR.,

                                             *
4735 Crossroad Schoolhouse Road
Manchester, MD 21102                         *

DANIEL GEORGE SCHWARTZ,                       *

606 Woodside Road                            *
Pikesville, MD 21208
                                             *
DEBORAH H. MAEDER,
                                             *
3931 York Road Unit 1
Millers, MD 21102                            *

JOHN D. MAEDER,                               *

3931 York Road Unit 1                        *
Millers, MD 21102
                                             *
DIANE M. COOK,
                                             *
3755 Back Woods Road
Westminster, MD 21158                        *

JAMES R. COOK,                                *

3755 Back Woods Road                         *
Westminster, MD 21158
                                             *
ERICH CHARLES STEIGER,
                                             *
21201 Heathcote Road
Freeland, MD 21053                           *

REBECCA IRENE SCOLLAN,                        *

21201 Heathcote Road                         *
Freeland, MD 21053
                                             *

ERIK J. LENTZ,                                    *

21431 Lentz Road                                 *
Parkton, MD 21120
                                                 *

ESTHER JOHANN LENTZ-BUENGER,

                                                 *

1199 Hayward Loop                                *
Foley, AL 36535
                                                 *

FAITH J. WEEKS,                                  *

3535 Back Woods Road                             *
Westminster, MD 21158
                                                 *

MICHAEL D. HANDS, JR.,

                                                 *

3535 Back Woods Road                             *
Westminster, MD 21158
                                                 *

FAY ANN MILLER,                                  *

4318 Hanover Pike                                *
Manchester, MD 21102
                                                 *

KENNETH E. MILLER,

                                                 *

4318 Hanover Pike                                *
Manchester, MD 21102
                                                 *

FRANCIS LEE DELL,                                *

2401 Bachman Valley Road                         *
Manchester, MD 21102
                                                 *

MARIAN V. DELL,

                                                 *

2401 Bachman Valley Road                         *
Manchester, MD 21102
                                                 *

GARY J. BROCKMEYER,                              *

3911 Calvins Twilight Way                        *
Manchester, MD 21102
                                                 *

NANCY M. BROCKMEYER,                    *

3911 Calvins Twilight Way              *
Manchester, MD 21102
                                       *
HELEN L. BULL,
                                       *
21106 Weaver Road
Lineboro, MD 21102                     *

HENRY WHITAKER,                        *

4701 Shaffer Mill Road                 *
Manchester, MD 21102
                                       *
KAREN A. SCHLEPER,
                                       *
4701 Shaffer Mill Road
Manchester, MD 21102                   *

HOECKEL FAMILY SELF SETTLED            *
ASSET PROTECTION FAMILY
IRREVOCABLE TRUST,                     *

3521 Baker School House Road           *
Freeland, MD 21053
                                       *
JAMES A. O'DONNELL,
                                       *
21239 Mikules Manor Lane
Freeland, MD 21053                     *

PATRICIA J. O'DONNELL,                 *

21239 Mikules Manor Lane               *
Freeland, MD 21053
                                       *
JOSEPH L. GOVER,
                                       *
4037 York Road Unit 1
Manchester, MD 21102                   *

RAINA C. GOVER,                        *

4037 York Road Unit 1                  *
Manchester, MD 21102

JUDITH A. FIEDLER,                          *

2207 Bond Road                             *
Parkton, MD 21120
                                           *
JULIA LU,
                                           *
914 Bachmans Valley Road
Westminster, MD 21158                      *

ZHEJUN FAN,                                *

914 Bachmans Valley Road                   *
Westminster, MD 21158
                                           *
JULIUS J. PITRONE,
                                           *
3822 Wine Road
Westminster, MD 21158                      *

JUSTIN WRIGHT,                             *

4248 Rupp Road                             *
Manchester, MD 21102
                                           *
KEITH EMERSON ENSOR,
                                           *
21141 Lentz Road
Parkton, MD 21120                          *

KEVIN LEE ENSOR,                           *

21141 Lentz Road                           *
Parkton, MD 21120
                                           *
KIMBERLY A. JOHNSTON,
                                           *
4748 Full Moon Drive
Manchester, MD 21102                       *

LESLIE ALFRED WHITE,                       *

21213 York Road                            *
Parkton, MD 21120
                                           *

LINDA S. GRESOCK,                        *

2132 Gibson Road                         *
White Hall, MD 21161
                                         *

THOMAS S. GRESOCK,                       *

2132 Gibson Road                         *
White Hall, MD 21161                     *

LISA M. WARD,                            *

2425 Bachman Valley Road                 *
Manchester, MD 21102
                                         *

ZACHARY J. WARD,                         *

2425 Bachman Valley Road                 *
Manchester, MD 21102

MABEL E. WILSON REVOCABLE                *
DEED OF TRUST DATED 3/25/1998,
                                         *
21319 Lentz Road
Parkton, MD 21120                        *

MATT UNKLE,                              *

4751 Grave Run Road                      *
Manchester, MD 21102
                                         *
TOMI UNKLE,
                                         *
4751 Grave Run Road
Manchester, MD 21102                     *

MATTHEW LEE DELL,                        *

2401 Bachman Valley Road                 *
Manchester, MD 21102
                                         *
MOHAMAD A. KOURANI,
                                         *
1018 Freeland Road
Freeland, MD 21053                       *

12

NADA E. KOURANI,                              *

1018 Freeland Road                           *
Freeland, MD 21053
                                             *
MORRIS L. BOHLAYER,
                                             *
1001 Oakland Road
Freeland, MD 21053                           *

SHARON A. BOHLAYER,                          *

1001 Oakland Road                            *
Freeland, MD 21053
                                             *
NANCY E. CRAMER,
                                             *
4200 Water Tank Road
Manchester, MD 21102                         *

NANCY EILEEN PIERCE,                         *

4611 Water Tank Road                         *
Manchester, MD 21102
                                             *
NANCY P. MACBRIDE,
                                             *
4496 Jennings Chapel Road
Brookeville, MD 20833                        *

PAMELA M. WILSON,                            *

21200 Mikules Manor Lane                     *
Freeland, MD 21053
                                             *
ROBERT KEITH WILSON,
                                             *
21200 Mikules Manor Lane
Freeland, MD 21053                           *

PHYLLIS A. REHMEYER,                         *

181 Windy Hill Road                          *
New Freedom, PA 17349
                                             *

13

TODD M. REHMEYER,                            *

181 Windy Hill Road                          *
New Freedom, PA 17349
                                             *
RICHARD M. DOSTER,
                                             *
818 Freeland Road
Freeland, MD 21053                           *

THOMAS B. COLLINS,                           *

4180 Rupp Road                               *
Millers, MD 21102
                                             *
TRACY W. COLLINS,
                                             *
4180 Rupp Road
Millers, MD 21102                            *

     Respondents.                       *

*     *     *     *     *     *     *     *     *     *     *     *     *

## PETITION FOR INJUNCTIVE RELIEF TO OBTAIN TEMPORARY ACCESS TO SUBJECT PROPERTIES FOR PERFORMING NON-INVASIVE FIELD SURVEYS PURSUANT TO MD. CODE ANN., REAL PROPERTY § 12-111

Petitioner, PSEG Renewable Transmission LLC ("PSEG Renewable Transmission," the "Company," or the "Petitioner"), pursuant to Md. Code Ann., Real Property ("RP") § 12-111, seeks an order authorizing the Company to enter onto property owned by Respondents Arentz Family, LP; Barney's Farm, LLC; Dells Generation Farms, LLC; Groves Mill, LLC; HZ Properties, LLC; M & R, LLC; Panora Acres, Inc.; Peter and John Radio Fellowship, Inc.; RBC Real Estate I, LLC; School of Living, a non-profit corporation; The Dug Hill Rod and Gun Club, Inc.; Troyer Farms, LLC; Troyer Real Estate, LLC; Alene R. Stickles; Robert H. Stickles, Sr.; Allan Patrick Sanders; Roy Francis Sanders; Amy Gayle Youngblood; Andrew D. Mclean; Rebecca Mclean; Ann F. Price-Davis; Michael A. Davis; Austin L. Kaltrider; Joyce E. Kaltrider; Marlin L. Kaltrider; Marvin L. Kaltrider; Shawn L. Kaltrider; Barclay G. Caras; Pamela J. Caras;

Benjamin Eugene Nusbaum; Kenneth Eugene Nusbaum; Betty Lou Miller; Carl E. Miller; Brandon Hill; Bruce E. Doak; Gayle M. Doak; Bryan N. Hendrix; Constance M. Hendrix; C. William Knobloch, Jr. & Carol Knobloch Living Trust Agreement dated January 30, 2019; Carmen Cockey; Christopher D. Cockey; Carol J. Fertitta; Joseph V. Fertitta III; Catherine M. Gestido, Eduardo E. Gestido; Catherine V. Miller; Wayne D. Miller; Charles Gary Atkinson; Indranee Kuruppunayake; Stephen Gordon Atkinson; Charles William Bond; Morgan Davis Bond; Charlotte Ruth Bixler; Cheryl Ann Geary; Paul Joseph Geary; Chris N. Resh; Dorothy I. Donmoyer; Petrice Marie Donmoyer-Resh; Robert L. Donmoyer; Christine D. Eyring; John M. Eyring, Jr.; Daniel George Schwartz; Deborah H. Maeder; John D. Maeder; Diane M. Cook; James R. Cook; Erich Charles Steiger; Rebecca Irene Scollan; Erik J. Lentz; Esther Johann Lentz-Buenger; Faith J. Weeks; Michael D. Hands, Jr.; Fay Ann Miller; Kenneth E. Miller; Francis Lee Dell; Marian V. Dell; Gary J. Brockmeyer; Nancy M. Brockmeyer; Helen L. Bull; Henry Whitaker; Karen A. Schleper; Hoeckel Family Self Settled Asset Protection Family Irrevocable Trust; James A. O'Donnell; Patricia J. O'Donnell; Joseph L. Gover; Raina C. Gover; Judith A. Feidler; Julia Lu; Zhejun Fan; Julius J. Pitrone; Justin Wright; Keith Emerson Ensor; Kevin Lee Ensor; Kimberly A. Johnston; Leslie Alfred White; Linda S. Gresock; Thomas S. Gresock; Lisa M. Ward; Zachary J. Ward; Mabel E. Wilson Revocable Trust dated 3/25/1998; Matt Unkle; Tomi Unkle; Matthew Lee Dell; Mohamad A. Kourani; Nada E. Kourani; Morris L. Bohlayer; Sharon A. Bohlayer; Nancy E. Cramer; Nancy Eileen Pierce; Nancy P. Macbride; Pamela M. Wilson; Robert Keith Wilson; Phyllis A. Rehmeyer; Todd M. Rehmeyer; Richard M. Doster, Jr.; Thomas B. Collins; and Tracy W. Collins (individually, "Respondent," and collectively, "Respondents").

**Nature of the Action**

1.      PJM Interconnection, LLC ("PJM"), the independent regional transmission organization approved and regulated by the Federal Regulatory Energy Commission ("FERC"), coordinates the transmission of electricity through all or parts of a 13-state region that includes Delaware, Illinois, Indiana, Kentucky, Michigan, New Jersey, North Carolina, Ohio, Pennsylvania, Tennessee, Virginia, West Virginia, the District of Columbia, as well as Maryland. Among other things, PJM is responsible for maintaining a safe and reliable electric transmission system in that region.  In accordance with the authority granted to it by FERC, PJM has directed the Company to construct an approximately 67-mile 500 kilovolt ("kV") transmission line that will traverse portions of Baltimore, Carroll, and Frederick Counties.  The project is known as the Maryland Piedmont Reliability Project ("MPRP").  The MPRP is needed to prevent serious reliability violations from occurring on the region's electric grid.  Specifically, PJM forecasts that the regional transmission system could experience blackouts and voltage collapse conditions unless the MPRP is constructed by June of 2027.  As a result, PJM and the Company have executed a Designated Entity Agreement ("DEA"), which has been accepted by FERC and obligates the Company to take reasonable efforts to ensure that it obtains all necessary authorizations and permits to construct and place the MPRP in service by June 1, 2027.  To meet the June 1, 2027 in service deadline, the Company must begin constructing the MPRP by January 2026.

2.      To meet these obligations, on December 31, 2024, the Company filed an application for a Certificate of Public Convenience and Necessity ("CPCN") with the Maryland Public Service Commission (the "PSC").  The PSC is the state agency with siting authority over the alignment and construction of transmission lines in Maryland.  The Company's application is now pending as Case No. 9773 before the PSC.  The proposed route for the MPRP, as contained in the

Company's CPCN application, traverses properties owned by Respondents (the "Subject Properties").

3.      The Power Plant Research Program ("PPRP") is a division of Maryland Department of Natural Resources ("DNR").  The PPRP's statutory duty in CPCN proceedings is to analyze on behalf of several Maryland state agencies (the "State Agencies") the environmental and socioeconomic impacts of proposed electric generation stations and high voltage transmission lines.  *See* Md. Code Ann., Nat. Res. ("NR") § 3-306.  Following this analysis, the PPRP makes a recommendation to the PSC regarding the proposed alignment and its impacts.  To conduct its evaluation of the environmental issues associated with the MPRP, the State Agencies, through the PPRP, are requesting that the Company conduct several field measured surveys and obtain environmental information from applicable properties, including those owned by Respondents, along the proposed route for the MPRP.  Specifically, the State Agencies are requesting certain field-based investigations associated with the Subject Properties be obtained, including: field surveys, wetlands delineations, forest stand delineations, and inspections relating to the possible disturbance to sensitive species of concern and resources of historic value that the transmission line might cause.  In order to meet PJM's in-service deadline, these surveys must be completed as soon as possible.

4.      Despite the Company's real and bona fide efforts to obtain Respondents' voluntary consent to enter their properties, Respondents refused permission to the Company to enter their properties for the limited purpose of conducting these field surveys that the State Agencies are requesting to evaluate any potential environmental impacts of the proposed MPRP.  As a result, the Company seeks an order pursuant to RP § 12-111 so that it may enter Respondents' properties,

conduct the requisite surveys and inspections, and obtain the information requested by the State Agencies in order for the PPRP to submit its recommendation to the PSC regarding the CPCN.

## Parties

5.      Petitioner, PSEG Renewable Transmission, is a transmission development company.  It is a Delaware limited liability company with its principal place of business located at 80 Park Plaza, Newark, New Jersey 07102.  The Company's sole member is PSEG Renewable Ventures LLC, also headquartered in New Jersey.  The sole member of PSEG Renewable Ventures LLC is PSEG Energy Holdings L.L.C., also headquartered in New Jersey.  The sole member of PSEG Energy Holdings L.L.C. is Public Service Enterprise Group, Inc. ("PSEG"), a diversified energy company headquartered in Newark, New Jersey that provides electric and gas services to millions of residential and commercial customers and owns and maintains 834 miles of transmission rights of ways.

6.      Respondent Arentz Family, LP is a limited partnership located at 1501 Hanover Pike, Littlestown, Pennsylvania 17340.

7.      Respondent Barney's Farm, LLC is a limited liability company with its principal place of business located at 5100 Buckeystown Pike, Suite 250, Frederick, Maryland 21704.  Upon information and belief, each member of Barney's Farm, LLC is domiciled in Maryland.

8.      Respondent Dells Generation Farms, LLC is a limited liability company with its principal place of business located at 2401 Bachman Valley Road, Manchester, Maryland 21102.  Upon information and belief, each member of Dells Generation Farms, LLC is domiciled in Maryland.

9. Respondent Groves Mill, LLC is a limited liability company with its principal place of business located at 1252 Beggs Road, Westminster, Maryland 21157. Upon information and belief, each member of Groves Mill, LLC is domiciled in Maryland.

10. Respondent HZ Properties, LLC is a limited liability company with its principal place of business located at 21211 Mikules Manor Lane, Freeland, Maryland 21053. Upon information and belief, each member of HZ Properties, LLC is domiciled in Maryland.

11. Respondent M & R, LLC is a limited liability company with its principal place of business located at 334 Turner Crossing Road, Parkton, Maryland 21120. Upon information and belief, each member of M & R, LLC is domiciled in Maryland.

12. Respondent Panora Acres, Inc. is a Maryland corporation with its principal place of business located at 3000 Traceys Mill Road, Manchester, Maryland 21102.

13. Respondent Peter and John Radio Fellowship, Inc. is a Maryland corporation with its principal place of business located at 4443 Grave Run Road, Manchester, Maryland 21102.

14. Respondent RBC Real Estate I, LLC is a limited liability company with its principal place of business located at 2329 East Ruhl Road, Freeland, Maryland 21053. Upon information and belief, each of RBC Real Estate I, LLC's members is domiciled in Maryland.

15. Respondent School of Living is a non-profit corporation located at 21300 Heathcote Road, Freeland, Maryland 21053.

16. Respondent The Dug Hill Rod and Gun Club, Inc. is a Maryland corporation with its principal place of business located at 4100 Wine Road, Westminster, Maryland 21158.

17. Respondent Troyer Farms, LLC is a limited liability company with its principal place of business located at 17905 Troyer Road, White Hall, Maryland 21161. Upon information and belief, each of Troyer Farms, LLC's members is domiciled in Maryland.

19

18.     Respondent Troyer Real Estate, LLC is a limited liability company with its principal place of business located at 17905 Troyer Road, White Hall, Maryland 21161. Upon information and belief, each of Troyer Real Estate, LLC's members is domiciled in Maryland.

19.     Respondent Alene R. Stickles is an individual who resides at 1038 East Deep Run Road, Westminster, Maryland 21158.

20.     Respondent Robert H. Stickles, Sr. is an individual who resides at 1038 East Deep Run Road, Westminster, Maryland 21158.

21.     Respondent Allan Patrick Sanders is an individual who resides at 4754 Springdale Road, Manchester, Maryland 21102.

22.     Respondent Roy Francis Sanders is an individual who resides at 4754 Springdale Road, Manchester, Maryland 21102.

23.     Respondent Amy Gayle Youngblood is an individual who resides at 21021 Keeney Mill Road, Freeland, Maryland 21053.

24.     Respondent Andrew D. Mclean is an individual who resides at 3930 Saint Pauls Road, Manchester, Maryland 21102.

25.     Respondent Rebecca Mclean is an individual who resides at 3930 Saint Pauls Road, Manchester, Maryland 21102.

26.     Respondent Ann F. Price-Davis is an individual who resides at 1004 Freeland Road, Freeland, Maryland 21053.

27.     Respondent Michael A. Davis is an individual who resides at 1004 Freeland Road, Freeland, Maryland 21053.

28.     Respondent Austin L. Kaltrider is an individual who resides at 4240 Schalk Road Number 1, Millers, Maryland 21102.

29.    Respondent Joyce E. Kaltrider is an individual who resides at 4240 Schalk Road Number 1, Millers, Maryland 21102.

30.    Respondent Marlin L. Kaltrider is an individual who resides at 4240 Schalk Road Number 1, Millers, Maryland 21102.

31.    Respondent Marvin L. Kaltrider is an individual who resides at 4240 Schalk Road Number 1, Millers, Maryland 21102.

32.    Respondent Shawn L. Kaltrider is an individual who resides at 4240 Schalk Road Number 1, Millers, Maryland 21102.

33.    Respondent Barclay G. Caras is an individual who resides 21108 Slab Bridge Road, Freeland, Maryland 21053.

34.    Respondent Pamela J. Caras is an individual who resides 21108 Slab Bridge Road, Freeland, Maryland 21053.

35.    Respondent Benjamin Eugene Nusbaum is an individual who resides at 2419 Bachman Valley Road, Manchester Maryland, 21102.

36.    Respondent Kenneth Eugene Nusbaum is an individual who resides at 2419 Bachman Valley Road, Manchester Maryland, 21102.

37.    Respondent Betty Lou Miller is an individual who resides at 2736 West Ruhl Road, Freeland, Maryland 21053.

38.    Respondent Carl E. Miller is an individual who resides at 2736 West Ruhl Road, Freeland, Maryland 21053.

39.    Respondent Brandon Hill is an individual who resides at 21012 West Liberty Road, White Hall, Maryland 21161.

40.     Respondent Bruce E. Doak is an individual who resides at 3801 Baker Schoolhouse Road, Freeland, Maryland 21053.

41.     Respondent Gayle M. Doak is an individual who resides at 3801 Baker Schoolhouse Road, Freeland, Maryland 21053.

42.     Respondent Bryan N. Hendrix is an individual who resides at 2624 West Ruhl Road, Freeland, Maryland 21053.

43.     Respondent Constance M. Hendrix is an individual who resides at 2624 West Ruhl Road, Freeland, Maryland 21053.

44.     Respondent C. William Knobloch, Jr. & Carol Knobloch Living Trust Agreement dated January 30, 2019 is a trust whose trustees are domiciled in Maryland, upon information and belief.

45.     Respondent Carmen Cockey is an individual who resides at 4766 Schalk Road Unit 1, Manchester, Maryland 21102.

46.     Respondent Christopher D. Cockey is an individual who resides at 4766 Schalk Road Unit 1, Manchester, Maryland 21102.

47.     Respondent Carol J. Fertitta is an individual who resides at 4011 York Road Unit 1, Millers, Maryland 21102.

48.     Respondent Joseph V. Fertitta III is an individual who resides at 4011 York Road Unit 1, Millers, Maryland 21102.

49.     Respondent Catherine M. Gestido is an individual who resides at 1930 Oakmont Road, Fallston, Maryland 21047.

50.     Respondent Eduardo E. Gestido is an individual who resides at 1930 Oakmont Road, Fallston, Maryland 21047.

51.     Respondent Catherine V. Miller is an individual who resides at 4850 Schalk Road Number 1, Millers, Maryland 21102.

52.     Respondent Wayne D. Miller is an individual who resides at 4850 Schalk Road Number 1, Millers, Maryland 21102.

53.     Respondent Charles Gary Atkinson is an individual who resides at 632 Freeland Road, Freeland, Maryland 21053.

54.     Respondent Indranee Kuruppunayake is an individual who resides at 632 Freeland Road, Freeland, Maryland 21053.

55.     Respondent Stephen Gordon Atkinson is an individual who resides at 632 Freeland Road, Freeland, Maryland 21053.

56.     Respondent Charles William Bond is an individual who resides at 21333 Ridge Road, Freeland, Maryland 21053.

57.     Respondent Morgan Davis Bond is an individual who resides at 1426 Oakland Road, Freeland, Maryland 21053.

58.     Respondent Charlotte Ruth Bixler is an individual who resides at 800 Bachmans Valley Road, Westminster, Maryland 21158.

59.     Respondent Cheryl Ann Geary is an individual who resides at 21129 Gunpower Road, Manchester, Maryland 21102.

60.     Respondent Paul Joseph Geary is an individual who resides at 21129 Gunpower Road, Manchester, Maryland 21102.

61.     Respondent Chris N. Resh is an individual who resides at 4921 Shaffer Mill Road, Lineboro, Maryland 21102.

62.     Respondent Dorothy I. Donmoyer is an individual who resides at 4921 Shaffer Mill Road, Lineboro, Maryland 21102.

63.     Respondent Petrice Marie Donmoyer-Resh is an individual who resides at 4921 Shaffer Mill Road, Lineboro, Maryland 21102.

64.     Respondent Robert L. Donmoyer is an individual who resides at 4921 Shaffer Mill Road, Lineboro, Maryland 21102.

65.     Respondent Christine D. Eyring is an individual who resides at 4735 Crossroad Schoolhouse Road, Manchester, Maryland 21102.

66.     Respondent John M. Eyring, Jr. is an individual who resides at 4735 Crossroad Schoolhouse Road, Manchester, Maryland 21102.

67.     Respondent Daniel George Schwartz is an individual who resides at 606 Woodside Road, Pikesville, MD 21208.

68.     Respondent Deborah H. Maeder is an individual who resides at 3931 York Road Unit 1, Millers, Maryland 21102.

69.     Respondent John D. Maeder is an individual who resides at 3931 York Road Unit 1, Millers, Maryland 21102.

70.     Respondent Diane M. Cook is an individual who resides at 3755 Back Woods Road, Westminster, Maryland 21158.

71.     Respondent James R. Cook is an individual who resides at 3755 Back Woods Road, Westminster, Maryland 21158.

72.     Respondent Erich Charles Steiger is an individual who resides at 21201 Heathcote Road, Freeland, Maryland 21053.

73.     Respondent Rebecca Irene Scollan is an individual who resides at 21201 Heathcote Road, Freeland, Maryland 21053.

74.     Respondent Erik J. Lentz is an individual who resides at 21431 Lentz Road, Parkton, Maryland 21120.

75.     Respondent Esther Johann Lentz-Buenger is an individual who resides at 1199 Hayward Loop, Foley, Alabama 36535.

76.     Respondent Faith J. Weeks is an individual who resides at 3535 Back Woods Road, Westminster, Maryland 21158.

77.     Respondent Michael D. Hands, Jr. is an individual who resides at 3535 Back Woods Road, Westminster, Maryland 21158.

78.     Respondent Fay Ann Miller is an individual who resides at 4318 Hanover Pike, Manchester, Maryland 21102.

79.     Respondent Kenneth E. Miller is an individual who resides at 4318 Hanover Pike, Manchester, Maryland 21102.

80.     Respondent Francis Lee Dell is an individual who resides at 2401 Bachman Valley Road, Manchester, Maryland 21102.

81.     Respondent Marian V. Dell is an individual who resides at 2401 Bachman Valley Road, Manchester, Maryland 21102.

82.     Respondent Gary J. Brockmeyer is an individual who resides at 3911 Calvins Twilight Way, Manchester, Maryland 21102.

83.     Respondent Nancy M. Brockmeyer is an individual who resides at 3911 Calvins Twilight Way, Manchester, Maryland 21102.

84.    Respondent Helen L. Bull is an individual who resides at 21106 Weaver Road, Lineboro, Maryland 21102.

85.    Respondent Henry Whitaker is an individual who resides at 4701 Shaffer Mill Road, Manchester, Maryland 21102.

86.    Respondent Karen A. Schleper is an individual who resides at 4701 Shaffer Mill Road, Manchester, Maryland 21102.

87.    Respondent Hoeckel Family Self Settled Asset Protection Family Irrevocable Trust is a trust whose trustees are domiciled in Maryland, upon information and belief.

88.    Respondent James A. O'Donnell is an individual who resides at 21239 Mikules Manor Lane, Freeland, Maryland 21053.

89.    Respondent Patricia J. O'Donnell is an individual who resides at 21239 Mikules Manor Lane, Freeland, Maryland 21053.

90.    Respondent Joseph L. Gover is an individual who resides at 4037 York Road Unit 1, Manchester, Maryland 21102.

91.    Respondent Raina C. Gover is an individual who resides at 4037 York Road Unit 1, Manchester, Maryland 21102.

92.    Respondent Judith A. Feidler is an individual who resides at 2207 Bond Road, Parkton, Maryland 21120.

93.    Respondent Julia Lu is an individual who resides at 914 Bachmans Valley Road, Westminster, Maryland 21158.

94.    Respondent Zhejun Fan is an individual who resides at 914 Bachmans Valley Road, Westminster, Maryland 21158.

95.     Respondent Julius J. Pitrone is an individual who resides at 3822 Wine Road, Westminster, Maryland 21158.

96.     Respondent Justin Wright is an individual who resides at 4248 Rupp Road, Manchester, Maryland 21102.

97.     Respondent Keith Emerson Ensor is an individual who resides at 21141 Lentz Road, Parkton, Maryland 21120.

98.     Respondent Kevin Lee Ensor is an individual who resides at 21141 Lentz Road, Parkton, Maryland 21120.

99.     Respondent Kimberly A. Johnston is an individual who resides at 4748 Full Moon Drive, Manchester, Maryland 21102.

100.    Respondent Leslie Alfred White is an individual who resides at 21213 York Road, Parkton, Maryland 21120.

101.    Respondent Linda S. Gresock is an individual who resides at 2132 Gibson Road, White Hall, Maryland 21161.

102.    Respondent Thomas S. Gresock is an individual who resides at 2132 Gibson Road, White Hall, Maryland 21161.

103.    Respondent Lisa M. Ward is an individual who resides at 2425 Bachman Valley Road, Manchester, Maryland 21102.

104.    Respondent Zachary J. Ward is an individual who resides at 2425 Bachman Valley Road, Manchester, Maryland 21102.

105.    Respondent Mabel E. Wilson Revocable Trust dated 3/25/1998 is a trust whose trustees are domiciled in Maryland, upon information and belief.

106.    Respondent Matt Unkle is an individual who resides at 4751 Grave Run Road, Manchester, Maryland 21102.

107.    Respondent Tomi Unkle is an individual who resides at 4751 Grave Run Road, Manchester, Maryland 21102.

108.    Respondent Matthew Lee Dell is an individual who resides at 2401 Bachman Valley Road, Manchester, Maryland 21102.

109.    Respondent Mohamad A. Kourani is an individual who resides at 1018 Freeland Road, Freeland, Maryland 21053.

110.    Respondent Nada E. Kourani is an individual who resides at 1018 Freeland Road, Freeland, Maryland 21053.

111.    Respondent Morris L. Bohlayer is an individual who resides at 1001 Oakland Road, Freeland, Maryland 21053.

112.    Respondent Sharon A. Bohlayer is an individual who resides at 1001 Oakland Road, Freeland, Maryland 21053.

113.    Respondent Nancy E. Cramer is an individual who resides at 4200 Water Tank Road, Manchester, Maryland 21102.

114.    Respondent Nancy Eileen Pierce is an individual who resides at 4611 Water Tank Road, Manchester, Maryland 21102.

115.    Respondent Nancy P. Macbride is an individual who resides at 4496 Jennings Chapel Road, Brookeville, Maryland 20833.

116.    Respondent Pamela M. Wilson is an individual who resides at 21200 Mikules Manor Lane, Freeland, Maryland 21053.

117.    Respondent Robert Keith Wilson is an individual who resides at 21200 Mikules Manor Lane, Freeland, Maryland 21053.

118.    Respondent Phyllis A. Rehmeyer is an individual who resides at 181 Windy Hill Road, New Freedom, Pennsylvania 17349.

119.    Respondent Todd M. Rehmeyer is an individual who resides at 181 Windy Hill Road, New Freedom, Pennsylvania 17349.

120.    Respondent Richard M. Doster, Jr. is an individual who resides at 818 Freeland Road, Freeland, Maryland 21053.

121.    Respondent Thomas B. Collins is an individual who resides at 4180 Rupp Road, Millers, Maryland 21102.

122.    Respondent Tracy W. Collins is an individual who resides at 4180 Rupp Road, Millers, Maryland 21102.

### Jurisdiction and Venue

123.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy, excluding costs and interest, exceeds $75,000, and complete diversity of citizenship exists between the parties.

124.    This Court has personal jurisdiction over Arentz Family, LP because it owns property in Maryland that is the subject of this suit.

125.    This Court has personal jurisdiction over Barney's Farm, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

29

126.    This Court has personal jurisdiction over Dells Generation Farms, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

127.    This Court has personal jurisdiction over Groves Mill, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

128.    This Court has personal jurisdiction over HZ Properties, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

129.    This Court has personal jurisdiction over M & R, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

130.    This Court has personal jurisdiction over Panora Acres, Inc. because it is a Maryland corporation with its principal place of business located in Maryland and because it owns property in Maryland that is the subject of this suit.

131.    This Court has personal jurisdiction over Peter and John Radio Fellowship, Inc. because it is a Maryland corporation with its principal place of business located in Maryland and because it owns property in Maryland that is the subject of this suit.

132.    This Court has personal jurisdiction over RBC Real Estate I, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

133.    This Court has personal jurisdiction over School of Living because it is a non-profit corporation with its principal place of business located in Maryland and because it owns property in Maryland that is the subject of this suit.

134.    This Court has personal jurisdiction over The Dug Hill Rod and Gun Club, Inc. because it is a Maryland corporation with its principal place of business located in Maryland and because it owns property in Maryland that is the subject of this suit.

135.    This Court has personal jurisdiction over Troyer Farms, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

136.    This Court has personal jurisdiction over Troyer Real Estate, LLC because, upon information and belief, its members are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

137.    This Court has personal jurisdiction over Alene R. Stickles because she is an individual domiciled in Maryland.

138.    This Court has personal jurisdiction over Robert H. Stickles, Sr. because he is an individual domiciled in Maryland.

139.    This Court has personal jurisdiction over Allan Patrick Sanders because he is an individual domiciled in Maryland.

140.    This Court has personal jurisdiction over Roy Francis Sanders because he is an individual domiciled in Maryland.

141.    This Court has personal jurisdiction over Amy Gayle Youngblood because she is an individual domiciled in Maryland.

142.    This Court has personal jurisdiction over Andrew D. Mclean because he is an individual domiciled in Maryland.

143.    This Court has personal jurisdiction over Rebecca Mclean because she is an individual domiciled in Maryland.

144.    This Court has personal jurisdiction over Ann F. Price-Davis because she is an individual domiciled in Maryland.

145.    This Court has personal jurisdiction over Michael A. Davis because he is an individual domiciled in Maryland.

146.    This Court has personal jurisdiction over Austin L. Kaltrider because he is an individual domiciled in Maryland.

147.    This Court has personal jurisdiction over Joyce E. Kaltrider because he is an individual domiciled in Maryland.

148.    This Court has personal jurisdiction over Marlin L. Kaltrider because he is an individual domiciled in Maryland.

149.    This Court has personal jurisdiction over Marvin L. Kaltrider because he is an individual domiciled in Maryland.

150.    This Court has personal jurisdiction over Shawn L. Kaltrider because he is an individual domiciled in Maryland.

151.    This Court has personal jurisdiction over Barclay G. Caras because he is an individual domiciled in Maryland.

152.    This Court has personal jurisdiction over Pamela J. Caras because she is an individual domiciled in Maryland.

153.    This Court has personal jurisdiction over Benjamin Eugene Nusbaum because he is an individual domiciled in Maryland.

154.    This Court has personal jurisdiction over Kenneth Eugene Nusbaum because he is an individual domiciled in Maryland.

155.    This Court has personal jurisdiction over Betty Lou Miller because she is an individual domiciled in Maryland.

156.    This Court has personal jurisdiction over Carl E. Miller because he is an individual domiciled in Maryland.

157.    This Court has personal jurisdiction over Brandon Hill because he is an individual domiciled in Maryland.

158.    This Court has personal jurisdiction over Bruce E. Doak because he is an individual domiciled in Maryland.

159.    This Court has personal jurisdiction over Gayle M. Doak because he is an individual domiciled in Maryland.

160.    This Court has personal jurisdiction over Bryan N. Hendrix because he is an individual domiciled in Maryland.

161.    This Court has personal jurisdiction over Constance M. Hendrix because he is an individual domiciled in Maryland.

162.    This Court has personal jurisdiction over C. William Knobloch, Jr. & Carol Knobloch Living Trust Agreement dated January 30, 2019 because, upon information and belief, its trustees are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

163.    This Court has personal jurisdiction over Carmen Cockey because she is an individual domiciled in Maryland.

164.    This Court has personal jurisdiction over Christopher D. Cockey because he is an individual domiciled in Maryland.

165.    This Court has personal jurisdiction over Carol J. Fertitta because she is an individual domiciled in Maryland.

166.    This Court has personal jurisdiction over Joseph V. Fertitta III because he is an individual domiciled in Maryland.

167.    This Court has personal jurisdiction over Catherine M. Gestido because she is an individual domiciled in Maryland.

168.    This Court has personal jurisdiction over Eduardo E. Gestido because he is an individual domiciled in Maryland.

169.    This Court has personal jurisdiction over Catherine V. Miller because she is an individual domiciled in Maryland.

170.    This Court has personal jurisdiction over Wayne D. Miller because he is an individual domiciled in Maryland.

171.    This Court has personal jurisdiction over Charles Gary Atkinson because he is an individual domiciled in Maryland.

172.    This Court has personal jurisdiction over Indranee Kuruppunayake because she is an individual domiciled in Maryland.

173.    This Court has personal jurisdiction over Stephen Gordon Atkinson because he is an individual domiciled in Maryland.

174.    This Court has personal jurisdiction over Charles William Bond because he is an individual domiciled in Maryland.

175.    This Court has personal jurisdiction over Morgan Davis Bond because she is an individual domiciled in Maryland.

176.    This Court has personal jurisdiction over Charlotte Ruth Bixler because she is an individual domiciled in Maryland.

177.    This Court has personal jurisdiction over Cheryl Ann Geary because she is an individual domiciled in Maryland.

178.    This Court has personal jurisdiction over Paul Joseph Geary because he is an individual domiciled in Maryland.

179.    This Court has personal jurisdiction over Chris N. Resh because he is an individual domiciled in Maryland.

180.    This Court has personal jurisdiction over Dorothy I. Donmoyer because she is an individual domiciled in Maryland.

181.    This Court has personal jurisdiction over Petrice Marie Donmoyer-Resh because she is an individual domiciled in Maryland.

182.    This Court has personal jurisdiction over Robert L. Donmoyer because he is an individual domiciled in Maryland.

183.    This Court has personal jurisdiction over Christine D. Eyring because she is an individual domiciled in Maryland.

184.    This Court has personal jurisdiction over John M. Eyring, Jr. because he is an individual domiciled in Maryland.

185.    This Court has personal jurisdiction over Daniel George Schwartz because he is an individual domiciled in Maryland.

186.    This Court has personal jurisdiction over Deborah H. Maeder because she is an individual domiciled in Maryland.

187.    This Court has personal jurisdiction over John D. Maeder because he is an individual domiciled in Maryland.

188.    This Court has personal jurisdiction over Diane M. Cook because she is an individual domiciled in Maryland.

189.    This Court has personal jurisdiction over James R. Cook because he is an individual domiciled in Maryland.

190.    This Court has personal jurisdiction over Erich Charles Steiger because he is an individual domiciled in Maryland.

191.    This Court has personal jurisdiction over Rebecca Irene Scollan because she is an individual domiciled in Maryland.

192.    This Court has personal jurisdiction over Erik J. Lentz because he is an individual domiciled in Maryland.

193.    This Court has personal jurisdiction over Esther Johann Lentz-Buenger because she owns property in Maryland that is the subject of this suit.

194.    This Court has personal jurisdiction over Faith J. Weeks because she is an individual domiciled in Maryland.

195.    This Court has personal jurisdiction over Michael D. Hands, Jr. because he is an individual domiciled in Maryland.

196.    This Court has personal jurisdiction over Fay Ann Miller because she is an individual domiciled in Maryland.

197.    This Court has personal jurisdiction over Kenneth E. Miller because he is an individual domiciled in Maryland.

198.    This Court has personal jurisdiction over Francis Lee Dell because he is an individual domiciled in Maryland.

199.    This Court has personal jurisdiction over Marian V. Dell because he is an individual domiciled in Maryland.

200.    This Court has personal jurisdiction over Gary J. Brockmeyer because he is an individual domiciled in Maryland.

201.    This Court has personal jurisdiction over Nancy M. Brockmeyer because she is an individual domiciled in Maryland.

202.    This Court has personal jurisdiction over Helen L. Bull because she is an individual domiciled in Maryland.

203.    This Court has personal jurisdiction over Henry Whitaker because he is an individual domiciled in Maryland.

204.    This Court has personal jurisdiction over Karen A. Schleper because she is an individual domiciled in Maryland.

205.    This Court has personal jurisdiction over Hoeckel Family Self Settled Asset Protection Family Irrevocable Trust because, upon information and belief, its trustees are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

206.    This Court has personal jurisdiction over James A. O'Donnell because he is an individual domiciled in Maryland.

207.    This Court has personal jurisdiction over Patricia J. O'Donnell because she is an individual domiciled in Maryland.

208.    This Court has personal jurisdiction over Joseph L. Gover because he is an individual domiciled in Maryland.

209.    This Court has personal jurisdiction over Raina C. Gover because she is an individual domiciled in Maryland.

210.    This Court has personal jurisdiction over Judith A. Feidler because she is an individual domiciled in Maryland.

211.    This Court has personal jurisdiction over Julia Lu because she is an individual domiciled in Maryland.

212.    This Court has personal jurisdiction over Zhejun Fan because he is an individual domiciled in Maryland.

213.    This Court has personal jurisdiction over Julius J. Pitrone because he is an individual domiciled in Maryland.

214.    This Court has personal jurisdiction over Justin Wright because he is an individual domiciled in Maryland.

215.    This Court has personal jurisdiction over Keith Emerson Ensor because he is an individual domiciled in Maryland.

216.    This Court has personal jurisdiction over Kevin Lee Ensor because he is an individual domiciled in Maryland.

217.    This Court has personal jurisdiction over Kimberly A. Johnston because she is an individual domiciled in Maryland.

218.    This Court has personal jurisdiction over Leslie Alfred White because she is an individual domiciled in Maryland.

219.    This Court has personal jurisdiction over Linda S. Gresock because she is an individual domiciled in Maryland.

220.    This Court has personal jurisdiction over Thomas S. Gresock because he is an individual domiciled in Maryland.

221.    This Court has personal jurisdiction over Lisa M. Ward because she is an individual domiciled in Maryland.

222.    This Court has personal jurisdiction over Zachary J. Ward because he is an individual domiciled in Maryland.

223.    This Court has personal jurisdiction over Mabel E. Wilson Revocable Trust dated 3/25/1998 because, upon information and belief, its trustees are domiciled in Maryland and because it owns property in Maryland that is the subject of this suit.

224.    This Court has personal jurisdiction over Matt Unkle because he is an individual domiciled in Maryland.

225.    This Court has personal jurisdiction over Tomi Unkle because she is an individual domiciled in Maryland.

226.    This Court has personal jurisdiction over Matthew Lee Dell because he is an individual domiciled in Maryland.

227.    This Court has personal jurisdiction over Mohamad A. Kourani because he is an individual domiciled in Maryland.

228.    This Court has personal jurisdiction over Nada E. Kourani because she is an individual domiciled in Maryland.

229.    This Court has personal jurisdiction over Morris L. Bohlayer because he is an individual domiciled in Maryland.

230.    This Court has personal jurisdiction over Sharon A. Bohlayer because she is an individual domiciled in Maryland.

231.    This Court has personal jurisdiction over Nancy E. Cramer because she is an individual domiciled in Maryland.

232.    This Court has personal jurisdiction over Nancy Eileen Pierce because she is an individual domiciled in Maryland.

233.    This Court has personal jurisdiction over Nancy P. Macbride because she is an individual domiciled in Maryland.

234.    This Court has personal jurisdiction over Pamela M. Wilson because she is an individual domiciled in Maryland.

235.    This Court has personal jurisdiction over Robert Keith Wilson because he is an individual domiciled in Maryland.

236.    This Court has personal jurisdiction over Phyllis A. Rehmeyer because she owns property in Maryland that is the subject of this suit.

237.    This Court has personal jurisdiction over Todd M. Rehmeyer because he owns property in Maryland that is the subject of this suit.

238.    This Court has personal jurisdiction over Richard M. Doster, Jr. because he is an individual domiciled in Maryland.

239.    This Court has personal jurisdiction over Thomas B. Collins because he is an individual domiciled in Maryland.

240.    This Court has personal jurisdiction over Tracy W. Collins because she is an individual domiciled in Maryland.

241.    Venue is proper within this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred within this district.

## Factual Background

242.    The Company was created in 2021 to develop, construct, and own transmission projects.

243.    The Company is currently developing the MPRP.  The MPRP is a new greenfield overhead 500 kV electric transmission project that PJM is requiring the Company to construct by June 2027 to maintain the safe and reliable operation of the region's electric transmission system that serves Maryland and surrounding states.  The route of the MPRP is slated to traverse the Subject Properties owned by Respondents, and PSEG will ultimately need to acquire property rights in each of the Subject Properties to construct the MPRP.

244.    PJM is the regional transmission organization responsible for operating and planning the high-voltage electricity grid for 13 states in the region, including Maryland. (Declaration of Dawn Shilkoski ("Shilkoski Decl.") ¶ 8.)  Under the Federal Power Act, 16 U.S.C. § 791a, *et seq.*, Congress provided FERC with broad powers and authority to regulate "the transmission of electric energy in interstate commerce."  16 U.S.C. § 824(a).  FERC has, in turn, charged PJM with planning and maintaining the electric transmission system for its region.  *See* FERC Order No. 1000, 136 FERC ¶ 16,051, available at https://www.ferc.gov/whats-new/comm-meet/2011/072111/E-6.pdf.  Among other responsibilities, PJM must ensure that the regional transmission system meets all federally approved reliability planning criteria.  These planning criteria ensure that the transmission system continues to operate safely and reliably.

245.    In 2022, PJM identified numerous 500 kV lines within its region that are at risk of violating numerous reliability planning criteria, including the risk of becoming severely overloaded—*i.e.*, transmitting more power than that for which they were designed—in 2027. (Shilkoski Decl. ¶ 9.)  Transmission lines at the 500 kV level are a critical part of the region's electric system and allow electricity to flow across states from where power is generated to where it is needed.  When a transmission line overloads, the transmission line equipment, which consists of a combination of steel and aluminum, begin to overheat, which, in turn, may render the steel and aluminum brittle and inoperable.  (*Id*.)

246.    Under these system conditions, PJM's analysis has observed thousands of voltage collapse violations (the inability of the transmission system to deliver power to load) and extreme low voltage (non-sustainable) violations occurring in 2027 in various areas, including in Maryland. (Shilkoski Decl. ¶ 11.)  PJM has concluded that, if these reliability violations are left unaddressed, overall system reliability for Maryland customers and others within PJM's region could be compromised, which could, in turn, lead to widespread and extreme conditions, including system collapse and blackouts.  (*Id*.)

247.    To that end, on February 24, 2023, PJM opened a competitive planning window to solicit solutions from qualified transmission owners and developers to prevent these reliability violations from occurring.  (Shilkoski Decl. ¶ 12.)  In response, PJM received 72 separate proposals from various transmission developers, including proposals submitted by the Company, to address these the forecasted reliability violations described in the problem statement contained within PJM's open solicitation.  (*Id*.)

248.    After several months of evaluation, PJM selected the MPRP, as well as several other proposals, to address the looming transmission reliability problems.  (Shilkoski Decl. ¶ 13.)

PJM has directed the Company to construct and place the MPRP into service by June 2027 to prevent significant reliability violations to the electric grid.  (*Id.* ¶ 15.)  The Company must begin construction no later than January 2026 to meet this deadline.  (*Id.*)

249.    To commence construction of the MPRP as directed by PJM, the Company must obtain authorization from the PSC.  Maryland law requires that any person seeking to construct an overhead transmission line must obtain a CPCN from the PSC before beginning construction.  *See* Md. Code Ann., Pub. Util. Art. ("PUA") § 7-207(b)(3)(i).

250.    On December 31, 2024, the Company filed a CPCN application with the PSC for an order authorizing the construction of the MPRP.  (Shilkoski Decl. ¶ 17.)  Following the issuance of a CPCN, the Company will be authorized by law to proceed with eminent domain cases to acquire the properties necessary to construct the MPRP along the route approved by the PSC in the CPCN.  *See* PUA § 2-702(b)(4)(i)(1).

251.    The Company's CPCN application included testimony from various Company witnesses, an environmental review document ("ERD") prepared by the Company's consultants that discusses the MPRP's anticipated environmental impacts, and a routing study that identifies the MPRP's proposed route and explains why alternative routes were not selected.  (Shilkoski Decl. ¶ 17.)  The proposed route traverses the Subject Properties.  (*Id.* ¶ 6.)

252.    To evaluate the Company's CPCN application, the PSC must consider various aspects of the MPRP, including its effect on the environment, conservation of natural resources, and the preservation of natural quality.  *See* PUA § 7-207(e); COMAR 20.79.04.04(B); (*see also* Shilkoski Decl. ¶ 18.)

253.    Moreover, PPRP is required by law to coordinate the review and analysis of the Company's CPCN application by certain state agencies including the Maryland Departments of

Natural Resources, Environment, Agriculture, Commerce, Planning, and Transportation, as well as the Maryland Energy Administration. *See* Md. Code Ann., NR § 3-303 *et seq.* As part of this review and analysis, PPRP provides the PSC with proposed recommended licensing conditions that address any environmental and socioeconomic impacts of the MPRP. *See* Md. Code Ann., NR § 3-306(b)(1) (requiring PPRP to "complete an independent environmental and socioeconomic project assessment report"); *id.* § 3-306(b)(2) (requiring PPRP to submit proposed licensing conditions); (*see also* Shilkoski Decl. ¶ 19.)   After the Company filed its CPCN application, on January 19, 2025, the PSC requested PPRP to report, by March 26, 2025, its recommendation as to whether the application is administratively complete in accordance with COMAR 20.79.01.06. (Shilkoski Decl. ¶ 19.)

254.    PPRP has requested the Company to conduct certain on-site, non-invasive environmental tests, surveys and studies along the proposed Project route in order to inform the State Agencies' evaluation of the environmental and socioeconomic impacts of the Project. (Shilkoski Decl. ¶ 20, Ex. 5.)  As a result, the Company must conduct wetlands delineations, forest stand delineations, field surveys, and other surveys, as PPRP requests.

255.    As just one example, PPRP has requested the Company to provide "field-based measures of environmental effects" related to possible areas of sensitive species of concern.  (*Id.*) Accordingly, to meet PPRP's request for "field-based measures of environmental effects," the Company must enter each of the Subject Properties to conduct said noninvasive surveys.

256.    On March 26, 2025, pursuant to the PSC's January 10, 2025 request, PPRP advised the PSC that it does not consider the Company's CPCN application to be administratively complete, in part because it "lacks a sufficient summary of the environmental and socioeconomic effects from the construction and operation of the Project, including field studies, which are

necessary to meet the requirements of COMAR 20.79.04.04(B) and (C)." (Shilkoski Decl., Ex. 5 at 1, 4.) PPRP stated that, without the various surveys that PPRP has requested, it "cannot fully evaluate the Project's impacts to Maryland's socioeconomic and natural resources." (Shilkoski Decl. ¶ 20.) PPRP further recommended that the PSC consider the Company's application "be deemed incomplete" until the Company provides the requested information from field-based surveys. (*Id.*)

257.    On April 1, 2025, the PSC issued a Notice and Request for Comments, and on April 10 and 11, 2025, Carroll, Frederick and Baltimore Counties filed comments in response. (*See* **Exhibit 1** (Comments from Carroll County); **Exhibit 2** (Comments from Frederick County); **Exhibit 3** (Comments from Baltimore County).) Carroll County contended that State law appears to exempt the Company from forest conservation and other similar County regulation regimes once the PSC issues a CPCN, and as a result, the Company should be required to perform required environmental surveys prior to the PSC proceeding with the Company's CPCN application. (*See* Exhibit 1, at 1.) Frederick and Baltimore Counties concurred in the position that the PSC should require the Company to perform the surveys before the PSC proceeds with the CPCN application. (*See* Exhibit 2, at 3 ("Frederick County . . . supports both the PPRP's determination that the application was not complete as filed, and the scope of detailed information PPRP requests be provided); Exhibit 3, at 2 (stating that "[t]he Commission, DNR/PPRP, Baltimore County, and other participants lack the required information about these factors that would come from requisite field studies that have not yet been conducted").)

258.    Without the various surveys and investigations that PPRP has requested, PPRP has stated that it cannot evaluate the possible environmental and socioeconomic impacts of the MPRP. (Shilkoski Decl. ¶ 20.) Without PPRP and the State Agencies' evaluation and recommendation,

the PSC's consideration of the Company's CPCN application cannot move forward to a timely resolution because the PSC cannot issue a CPCN without first giving due consideration to environmental impacts, which the PPRP is required by statute to evaluate.  Md. Code Ann., PUA § 7-207(e)(2)-(3); (Shilkoski Decl. ¶ 20.)

259.    In that event, the Company will not receive timely authorization from the PSC to construct the MPRP.  This would significantly delay the Company's construction and implementation of the MPRP which, in turn, would risk significant disruptions to the electric grid across Maryland and other states within PJM's territory.  (Shilkoski Decl. ¶¶ 27–28.)

260.    Moreover, if access to the Subject Properties is not granted, the Company would be required to redraw the proposed line for the MPRP and submit a new CPCN application to the Commission to attempt to meet its obligation under the DEA.  (Shilkoski Decl. ¶ 28.) Implementation of the Project will be significantly delayed as a result, threatening the reliability stability of the electric transmission system within PJM's territory that includes Maryland.  (*Id*.) Moreover, based on public comments and correspondence the Company has received to date, it is likely that the Company would encounter additional opposition with any alternative proposed line. This, in turn, would likely put the Company in exactly the same position in which it finds itself now: seeking Court intervention, pursuant to Maryland law, to permit the Company access.  (*Id*.)

261.    The Company would be required to incur significant expenses in such an event. Among other expenses incurred to date that were required to prepare the Company's CPCN application, the Company has spent $1,576,860 in fees to siting and environmental consultants, who have assisted the Company in analyzing numerous specific properties through available public data and assessing the feasibility of the properties for a high voltage transmission line as well as the impact of the line on sensitive environmental areas for the purpose of identifying a

proposed route that is designed to both function effectively and minimize the scope of environmental impacts as much as possible. (Shilkoski Decl. ¶ 29.) The Company has also spent $1,323,120 in fees to a real estate firm that has assisted, among other things, with contacting property owners to gain access for surveying purposes. (*Id*.) To prepare a new application that would reflect a new proposed route, the Petitioner would be required to again incur these fees, in addition to significant legal fees and the cost of time spent by PSEG Services Corporation and its employees. (*Id*.)

262.    Moreover, if access to the Subject Properties is not granted and the Company does not receive timely authorization from the PPRP to construct the MPRP, then the Company may be in breach of the DEA. (Shilkoski Decl., Ex. 1.)

263.    To avoid these results, the Company must be able to enter the Subject Properties to timely complete the surveys required by PPRP. (Shilkoski Decl. ¶ 26.) Given the time it will take the Company to conduct the required surveys (some of which have restrictions on the time of year they can be completed), and to permit the Company to meet the in-service deadline set by PJM, the Company must have access to the Subject Properties as soon as possible and until the PSC issues a CPCN for the MPRP. (*Id*.)

264.    As set forth in more detail in the Declarations of Roger J. Trudeau, filed herewith, Respondents have denied entry to their respective Subject Properties despite the Company's real and bona fide efforts to notify and seek the Respondents' consent. As a result, the Company seeks an order from this Court pursuant to RP § 12-111 that permits the Company to access the Properties until the date that the PSC issues a decision on the CPCN to the Company so that the Company may perform the studies and provide the environmental information about the Subject Properties that PPRP requests as part of its review and evaluation of the Company's CPCN application.

**RP § 12-111 Authorizes Entities With Condemnation Authority To Enter Private Property To Conduct Surveys**

265.    RP § 12-111(a) provides that civil engineers, land surveyors, real estate appraisers (and their assistants) acting on behalf of "any body politic or corporate having the power of eminent domain," after having made every real and bona fide effort to notify the owner or occupant in writing with respect to the proposed entry, may:

> (1)    Enter on any private land to make surveys, run lines or levels, or obtain information relating to the acquisition or future public use of the property or for any governmental report, undertaking, or improvement;
>
> (2)    Set stakes, markers, monuments, or other suitable landmarks or reference points where necessary; and
>
> (3)    Enter on any private land and perform any function necessary to appraise the property.

266.    Further, RP § 12-111(c) states that, if any civil engineer, surveyor, real estate appraiser (or their assistants) is refused permission to enter onto a property to conduct a survey or study permitted by RP § 12-111(a), the legal entity may apply to "a law court of the county where the property, or any part of it, is located" for an order authorizing entry onto the property.

267.    RP § 12-111 does not afford the owner or occupant an opportunity for a hearing prior to the issuance of an order under RP § 12-111. *King v. Mayor and City Council of Rockville*, 52 Md. App. 113, 120–23 (1982) (holding that landowners were not entitled to a hearing prior to issuance of order granting governmental agency access to survey their land pursuant to RP § 12-111), *cert. denied*, 294 Md. 442 (1982), *cert. denied*, 461 U.S. 914 (1983); *see also Transource Maryland, LLC v. Scott, et al.*, Case No. 12-C-18-00059 (Harford Cnty. Cir. Ct. June 24, 2018) (issuing order pursuant to RP § 12-111 permitting utility to access private land for surveying purposes and noting that "[i]t is not a violation of due process for this court to proceed without a hearing" (citing *King*, 52 Md. App. at 123)) (attached hereto as **Exhibit 4**).

268.     Accordingly, this Court may issue an Order authorizing the Company entry onto the Subject Properties without the need for a hearing prior to the issuance of the Order, so long as the Company (1) is a "body politic or corporate having the power of eminent domain," and (2) has "made every real and bona fide effort to notify" each Respondent of the Company's need to enter their property.

### The Company Is A "Body Politic Or Corporate Having The Power Of Eminent Domain"

269.     The Company is legally entitled to enter each of the Subject Properties because it is a "body politic or corporate" that has the "power of eminent domain" within the meaning of RP § 12-111(a).

270.     PUA § 7-207(b)(3)(iii)(2) authorizes the PSC to grant CPCNs to an applicant that "is or, on the start of commercial operation of the overhead transmission line, will be subject to regulation as a public utility by an officer or an agency of the United States."  As noted above, PUA § 7-207(b)(3)(v)(2) further permits these "public utilit[ies]" to exercise condemnation authority to construct transmission lines for which they receive a CPCN.

271.     At the time that the MPRP goes in service, the Company will be subject to regulation by FERC as a public utility.  (Shilkoski Decl. ¶ 16.)  Thus, as a matter of Maryland law, the Company is authorized and qualified to apply for a CPCN and to exercise condemnation authority to construct the Project once the CPCN is obtained.  Accordingly, under RP § 12-111(a), the Company is a "body politic or corporate" with the "power of eminent domain" and, as such, it is legally entitled to enter the Subject Properties to survey and obtain necessary information for its ultimate acquisition of property by eminent domain.

272.     Notably, RP § 12-111(a) does not mandate that all conditions to a condemning authority's actual exercise of eminent domain be satisfied before the condemning authority can

conduct surveys or obtain information.  Rather, RP § 12-111(a) contemplates that a condemning authority may enter onto land to make surveys or obtain information for the purpose of exercising eminent domain.

273.    RP § 12-111(a) does not require the Company to wait to enter the Subject Properties until after its CPCN is issued.  Such an interpretation would render the CPCN requirements under Maryland law unworkable, unreasonable, and impossible to implement.  As explained above, PUA § 7-207 requires the PSC to review CPCN applications for, among other things, the environmental and socioeconomic effects of a proposed transmission line of the impacted property and adjacent properties.  Moreover, NR § 3-306 requires PPRP, on behalf of the State Agencies, to complete an environmental and socioeconomic project assessment and propose licensing conditions supporting the same.

274.    In sum, because the Company is authorized and qualified to apply for a CPCN to construct a transmission line and to exercise condemnation authority to construct the Project pursuant to PUA § 7-207, it is a "body politic or corporate" with the "power of eminent domain" within the meaning of Section 12-111(a).

### The Company Has Made Every Real And Bona Fide Effort, Including Requests In Writing, To Obtain Respondents' Consent to Enter Their Properties For The Purpose Of Taking Field And Environmental Surveys

275.    As set forth in the accompanying Declarations of Roger J. Trudeau, the Company has made numerous real and bona fide efforts to obtain each Respondent's consent so that the Company may enter onto their property for the purpose of taking surveys and obtaining information.  Despite these real and bona fide attempts, each Respondent has refused consent for the Company to enter their property.

276.    In addition to these real and bona fide efforts, on April 9, 2025, the Company issued a public statement conveying that it would file the instant action if consent could not be obtained from each Respondent by April 14, 2025.  (Shilkoski Decl. ¶¶ 30–31.)  The Company issued this public statement to provide full transparency to the Respondents and the public and to encourage resolution with Respondents, where possible, without the need for litigation.  (Shilkoski Decl. ¶ 31.)  Notwithstanding this public notice, nor the bona fide attempts made by the Company as described in the accompanying Declarations of Roger J. Trudeau, Respondents have not given their consent for the Company to enter the Subject Properties.  Further, an organized and funded opposition, led by STOP MPRP, Inc., has urged property owners to refuse the Company access.

## CLAIM FOR RELIEF

### Count I: Injunctive Relief (RP § 12-111)
### (Against All Defendants)

277.    The Company incorporates by reference each allegation contained in the preceding paragraphs as if set forth fully herein.

278.    RP § 12-111 permits "civil engineers, land surveyors, real estate appraisers, and their assistants acting on behalf of . . . any body politic or corporate having the power of eminent domain" to enter on private land to "make surveys, run lines or levels, or obtain information relating to the acquisition or future public use of the property or for any governmental report, undertaking, or improvement," so long as the entity seeking entry has made "every real and bona fide effort to notify the owner or occupant in writing with respect to the proposed entry."  RP § 12-111(a).

279.    The Company is a "body politic or corporate having the power of eminent domain," as contemplated by RP § 12-111(a).

280.    The Company requires entry to Respondents' properties to perform surveys and gather information that is necessary to obtain a CPCN that will, in turn, permit the Company to construct the Project along Respondents' properties.

281.    The Company has made every real and bona fide effort in writing to notify each Respondent of the Company's need to enter each Respondent's property.

282.    Each Respondent has nonetheless refused permission to the Company or otherwise failed to respond to the Company's inquiries.

283.    Because each Respondent has not given the Company consent to enter their property, RP § 12-111(b) permits the Company to seek an order directing that they "be permitted to enter on and remain on" each Respondents' property "to the extent necessary to carry out" the requisite surveys and information gathering for the Company's CPCN application.

284.    Accordingly, the Company is entitled to an order that permits the Company to enter each of Respondents' properties for the purpose of conducting the surveys and gathering the information required by PPRP.

## **PRAYER FOR RELIEF**

WHEREFORE, PSEG Renewable Transmission respectfully requests that the Court:

A.    Enter an order pursuant to RP § 12-111 that:

    a.    Permits PSEG Renewable Transmission to enter each Respondent's property through the date that the PSC issues a CPCN to PSEG Renewable Transmission for the purpose of conducting any required surveys; and

    b.    Temporarily and permanently enjoins each Respondent from interfering with PSEG Renewable Transmission's access to each property; and

B.    Order such other and further relief as this Court deems just, proper, and equitable.

Date: April 15, 2025                Respectfully submitted,

                                       */s/ Kurt J. Fischer*         
Kurt J. Fischer (Bar No. 03300)
Venable LLP
210 W. Pennsylvania Avenue
Suite 500
Towson, MD 21204
(410) 494-6200
kjfischer@venable.com

J. Joseph Curran III (Bar No. 22710)
Christopher S. Gunderson (Bar No. 27323)
Kenneth L. Thompson (Bar No. 03630)
Susan R. Schipper (Bar No. 19640)
Emily J. Wilson (Bar No. 20780)
Venable LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
(410) 244-7400
klthompson@venable.com
csgunderson@venable.com
srschipper@venable.com
ejwilson@venable.com

*Attorneys for Plaintiff PSEG*
*Renewable Transmission LLC*