IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Northern Division**

| | |
|---|---|
| PSEG RENEWABLE TRANSMISSION LLC, | * |
| | * |
| Petitioner, | |
| | * |
| v. | Case No. _____ |
| | * |
| ARENTZ FAMILY, LP, *et al.*, | |
| | * |
| Respondents. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DECLARATION OF ROGER J. TRUDEAU
REGARDING REAL AND BONA FIDE EFFORTS TO OBTAIN ACCESS TO
SCHOOL OF LIVING PROPERTY</u>**

I, Roger J. Trudeau, pursuant to 28 U.S.C. § 1746, hereby swear as follows under penalty of perjury:

1. I am over 18 years of age and fully competent to give this Declaration.

2. I am employed by PSEG Services Corporation as Manager – Corporate Real Estate Transactions. In this capacity, I provide real estate services to PSEG Renewable Transmission LLC ("PSEG Renewable Transmission," the "Company," or the "Petitioner") including assisting the Company with real estate acquisition services for the Maryland Piedmont Reliability Project (the "MPRP" or "Project"). PSEG Services Corporation is an affiliate of the Public Service Enterprise Group, the parent of PSEG Renewable Transmission.

3. The MPRP is a proposed, approximately 67-mile 500kV alternating current single circuit overhead transmission line that crosses portions of Baltimore, Carroll, and Frederick Counties that is being developed by the Company. The need for the Project and the need to

temporarily access the property addressed in this Declaration in the immediate future is described in a separate Declaration of Dawn Shilkoski.

4. As the Corporate Real Estate Transactions Manager for the MPRP, I am responsible for overseeing the real estate, property rights, easement, and right-of-way ("ROW") acquisition for the MPRP. For this reason, I am competent to testify on the matters contained in this Declaration.

5. On December 31, 2024, the Petitioner submitted an application to the Maryland Public Service Commission ("Commission") for a Certificate of Public Convenience and Necessity ("CPCN") for authorization to construct the MPRP. As described in the Declaration of Dawn Shilkoski, PSEG Renewable Transmission needs temporary access to properties on the proposed route of the MPRP to conduct certain field surveys for the reasons described by Ms. Shilkoski. One of these properties on the proposed route is owned by School of Living, a non-profit corporation ("Property Owner") and is located at the premises address of 21300 Heathcote Road, Freeland, MD 21053, also known as tax account identifier number 04-07-0719007310 in Baltimore County (the "Subject Property").

6. The Petitioner has made real and bona fide efforts to discuss with, and obtain consent from, the Property Owner for the Company to temporarily enter onto their property for the purpose of conducting field surveys that will be reviewed and analyzed by the applicable Maryland state agencies as part of their evaluation of the environmental and socioeconomic impacts of the Project. The Petitioner has made real and bona fide efforts to contact and discuss with the Property Owner the granting of permission for temporary access to the Subject Property, including through mailing letters and making phone calls as further detailed herein.

7. The Petitioner has hired Contract Land Staff ("CLS") to support the real estate

efforts pertaining to the MPRP.  These efforts include obtaining voluntary rights of temporary access to conduct field surveys, as well as the potential acquisition of temporary or permanent easements required for the construction or maintenance of the Project.  PSEG Renewable Transmission maintains business records through CLS's CLSLiNK™ database in which CLS land agents and supervisors record specific information as to each contact with a property owner relating to (a) consent to conduct field surveys or gather information, and/or (b) the acquisition of property rights.  PSEG Renewable Transmission and CLS employees are obligated to accurately record information relating to attempted contacts, actual contacts, and communications with property owners, at or near the time of such contacts and such records are maintained by PSEG Renewable Transmission through CLS in the ordinary course of business.  PSEG Renewable Transmission has documented such contacts as a regular practice since contracting with CLS for land services.

8. Attached as **Exhibit A** and **Exhibit B** to this Declaration are the CLSLiNK™ database report which contains entries made by CLS land agents detailing the interactions with the Property Owner for the Subject Property and letters sent to the Property Owner.  Exhibits A and B were created by individuals with knowledge of the communication or attempted contact, or from information transmitted by a person with knowledge.  The attached CLSLiNK™ database report shows that the Petitioner and CLS employees attempted direct contact with the Property Owner beginning in October 2024 and that, between mid-November 2024 through January 7, 2025, Jenny Archer ("Archer"), a CLS land agent acting on behalf of the Petitioner, attempted to discuss and obtain the Property Owner's permission for temporary access to conduct the needed field surveys on the Subject Property.  (**Exhibit A** – "Activity Notes for Subject Property"; **Exhibit B** – "Letters Mailed to Subject Property."))  These attempts at communication with the Property Owner have

included mailing letters on October 28, 2024 and November 18, 2024, as well as making phone calls on December 18, 2024 and January 7, 2025. (*See* **Exhibit A** (indicating Archer spoke with Karen Stupski, the Vice President of School of Living by phone on January 7, 2025); **Exhibit B** (including letters mailed to the Property Owner as well as a FedEx shipment on December 3, 2024, for purposes of ensuring delivery of prior mailed letters).)

9. Despite these attempts over the past several months, on January 7, 2025, the Property Owner provided verbal and written denial to the land agent confirming that the Company would not receive the Property Owner's permission to temporarily access the Subject Property. (*See* **Exhibit A** (indicating during the phone call of January 7, 2025, Karen Stupski stated Property Owner would email a copy of a letter rejecting the right of entry that they had mailed on December 21, 2024); **Exhibit B** (including the email and attached letter, in which Karen Stupski stated "we oppose the MPRP project, are not open to further discussion, and do not consent to surveys or other activities on our property").) Once the Property Owner's representative communicated that they did not wish to be further contacted and that the Company did not have permission to temporarily access the Subject Property, the land agent documented this communication and ceased further attempts to contact the Property Owner. (**Exhibit A**.)

10. Despite real and bone fide efforts by the Company's representatives to discuss and obtain written consent to temporarily access the Subject Property to conduct necessary field surveys, the Property Owner had denied any such permission.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the foregoing is true and correct.

Dated: _____April 14, 2025_____

_____
Roger J. Trudeau