# EXHIBIT 1

**Board of County Commissioners**

Kenneth A. Kiler, President
Joseph A. Vigliotti, Vice President
Thomas S. Gordon III
Michael R. Guerin
Edward C. Rothstein



**Carroll County Department of Planning and Land Management**

Christopher Heyn, P.E.
Director
Email: cheyn@carrollcountymd.gov
Phone: 410-386-2949

April 11, 2025

Maryland Public Service Commission
William Donald Schaefer Tower
6 St. Paul Street, 16th Floor
Baltimore, Maryland 21202

Attn: Mr. Andrew S. Johnston, Executive Secretary

Re:    Case No 9773
       MPRP Transmission Line

Dear Mr. Johnston,

Thank you for the opportunity to comment on the recent conclusion by the Power Plant Research Program (PPRP) that the application for the subject project is not administratively complete. I am a Maryland registered professional engineer with over 30 years of experience. I also serve as the director of the Carroll County Department of Planning and Land Management, which is the department that will be responsible for the review of the subject project in Carroll County for conformance with all applicable regulations, should it receive a Certificate of Public Convenience and Necessity (CPCN).

I first would like to express my appreciation to Mr. Frederick Kelley of the PPRP for the thorough and well documented report identifying the inadequacies of the subject application. I am in full agreement with Mr. Kelley that the lack of critical field studies to evaluate alternatives and minimize impacts is a concerning omission from the application. As this project will have significant Environmental and Socioeconomic effects, a complete evaluation must be performed to effectively minimize those impacts as well as determine adequate mitigation for those impacts that are unavoidable.

Mr. Kelley notes the field-based studies that are lacking from the application, specifically Wetland Delineations, Forest Stand Delineations, Geotechnical surveys, Sensitive Species Project Review Areas, and areas related to the Maryland Historic Trust. Enforcement of the applicable regulations related to these topics are from a mixture of State and Local authority. I am specifically concerned about the lack of Forest Stand Delineation information and the enforcement which falls under the purview of the County as delegated by the Maryland State Forest Conservation Act.

Case No. 9773
MPRP Transmission Line
April 11, 2025
Page 2 of 3

The subject Environmental Review Document (ERD) identifies that approximately 395 acres of forest clearing will be required along the selected alignment. The supplemental ERD regarding outside of right-of-way impacts documents an additional 18.7 acres of impacts. These more than 400 acres of impacts, of which approximately 128 acres are in Carroll County, are obviously concerning. However, I am specifically concerned with the nuances of the code and wish to ensure that unavoidable impacts are adequately mitigated, which is a requirement of COMAR 20.79.04.04(B).

The ERD makes several statements regarding forest impact mitigation. Section 3.3.20.2 of the ERD states "PSEG will adhere to the Maryland Forest Conservation Act (FCA) regulations…" "PSEG will coordinate with the State to determine reforestation and afforestation requirements." Section 3.3.20.3 then states "PSEG will mitigate for forest impacts through reforestation and/or tree plantings coordinated with each county as part of Forest Conservation Plan review and approval." These statements speak to addressing forest mitigation per existing state and local codes rather than committing to specific actions.

My concern is that Title 5 of the Maryland Natural Resources Article, Subtitle 16, Section 5-1602 states the following:

  (b)    The provisions of this subtitle do not apply to:

    (5)    The cutting or clearing of public utility rights–of–way for electric generating stations licensed pursuant to § 7–204, § 7–205, § 7–207, or § 7–208 of the Public Utilities Article, provided that:
        (i)    Any required certificates of public convenience and necessity have been issued in accordance with § 5–1603(f) of this subtitle; and
        (ii)    The cutting or clearing of the forest is conducted so as to minimize the loss of forest;

Correspondingly, the Carroll County Forest Conservation Code Chapter 150 states the following:

§ 150.02 APPLICABILITY.

  (B)  **Exemptions.** This chapter does not apply to:

    (4)    The cutting or clearing of public utility rights-of-way licensed under Md. Code, Public Utility Companies, §§ 7-207 and 7-208 or 7-205, or land for electric generating stations licensed under Md. Code, Public Utility Companies, §§ 7-207 and 7-208 or 7-205, if:
        (a)    Required certificates of public convenience and necessity have been issued in accordance with Md. Code, Natural Resources Article, § 5-1603(f); and
        (b)    Cutting or clearing of the forest is conducted to minimize the loss of forest.

Case No. 9773
MPRP Transmission Line
April 11, 2025
Page 3 of 3

It is therefore arguable that following issuance of the CPCN, when the County is then enforcing applicable codes, that this project could be determined to be exempt from forest conservation requirements.

It is however important to point out that the referenced Title 5 of the Maryland Natural Resources Article, Subtitle 16, Section 5-1603(f) states:

(f)    After December 31, 1992, the Public Service Commission shall give due consideration to the need to minimize the loss of forest and the provisions for afforestation and reforestation set forth in this subtitle together with all applicable electrical safety codes, when reviewing applications for a certificate of public convenience and necessity issued pursuant to § 7–204, § 7–205, § 7–207, or § 7–208 of the Public Utilities Article.

It is therefore within the authority of the Public Service Commission (PSC) to require mitigation of impacts as part of the issuance of the CPCN, beyond the requirements or exemptions outlined in the State and County Forest Conservation Codes.

I would respectfully request that the PPRP and the PSC require specific mitigation be documented in the ERD and not simply rely on future conformance with state and local requirements.  This is critically important to mitigate the significant impact this project will have to our natural resources.  It also speaks directly to the lack of field identification information from the application not only as it relates to total acreage of forest impacts, but also specific impacts to specimen trees, priority forests, and nontidal wetlands which require special protections.

Again, I appreciate the opportunity provided by the PSC to provide comment at this stage of the process.

Respectfully submitted,

Christopher Heyn, PE
Director of Planning & Land Management

cc:    Tim Burke, County Attorney
       Elizabeth Moore, Assistant County Attorney