# EXHIBIT 2

BEFORE THE
PUBLIC SERVICE COMMISSION OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION  * | |
| OF PSEG RENEWABLE TRANSMISSION, LLC | |
| FOR A CERTIFICATE OF PUBLIC   * | |
| CONVENIENCE AND NECESSITY TO | CASE NO. 9773 |
| CONSTRUCT A NEW 500 kV TRANSMISSION * | |
| LINE IN PORTIONS OF BALTIMORE, | |
| CARROLL, AND FREDERICK COUNTIES   * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FREDERICK COUNTY'S COMMENTS ON PSEG'S
### MOTION FOR PREHEARING CONFERENCE

Frederick County, Maryland, a body corporate and politic of the State of Maryland ("Frederick County") by its undersigned attorneys submits its Comments, pursuant to the Notice and Request for Comments filed by the Commission on April 1, 2025. (ML 317397)

The Motion filed by the applicant, PSEG Renewable Transmission LLC (PSEG), requests that a pre-hearing conference be scheduled in order for the Commission to (i) rule on the 174 pending petitions to intervene; (ii) set a procedural schedule, and (iii) address the administrative completeness of PSEG's application. (ML 317082)

#### A. Intervention

Frederick County asserts that the Commission may rule on the Petitions to Intervene without holding a hearing. As noted by PSEG, there is existing precedent for the Commission to follow when ruling on the Petitions to Intervene. Moreover, PSEG only takes issue with 48 of the 174 Petitions filed, which does not warrant subjecting the other 126 Petitioners that PSEG agrees should be granted party status to a lengthy hearing not involving their status.[1]

Should the Commission deem it necessary to hold a hearing on the 48 contested Petitions to

---

[1] Given PSEG's request that it be granted approval that would allow it to adjust the 150' right of way as much as 275' along either side of the proposed centerline – undermines its argument that some property owners seeking to intervene as parties are not located on or adjacent to the proposed right of way. At this juncture no one knows exactly where the powerlines may be located if the application is approved.

2

Intervene, it should be a separate proceeding limited to the issues related to those 48 contested Petitions and those Petitioners.

### B. Completeness

The Commission, having tasked the Power Plant Research Program (PPRP) to determine whether the application is complete, should not now engage in 'second guessing' PPRP's determination, particularly on a project having such a massive scope and corresponding expansive impacts spanning three Maryland Counties. (March 26, 2025) (ML No. 317070).

Frederick County, having previously participated in CPCN proceedings, recognizes the depth and breadth of the expertise of the State agencies represented by PPRP's, and supports both the PPRP's determination that the application was not complete as filed, and the scope of detailed information PPRP requests be provided.

Basic principles of fairness to all the State agencies required to review and analyze the application, and the entities and individuals potentially affected by the proposed project, require that PSEG provide the information necessary to complete the application before the application moves through the evaluation and analysis phase. To do otherwise deprives the State agencies, PPRP, and the other parties of the ability to perform one single complete and unified analysis of the impacts and potential alternatives.

The Commission should accept PPRP's finding of incompleteness, without a hearing.

### C. Proposed Schedule

The schedule proposed by PSEG is not balanced, clearly favors PSEG over all other participants, Parties, and Interested Persons and must be rejected.

PSEG had an unlimited amount of time to assemble its (incomplete) application prior to choosing to file it with the Commission on 12/31/2024. (ML 314555) PSEG's proposed schedule now suggests it be afforded 150 more days (until May 30, 2025) to add the information deemed missing by PPRP to complete its application.

3

PSEG then seeks to impose a 33-day time limit on all other Parties to submit their testimony after PSEG submits its missing information[2].

Having provided all other parties only 33 days, PSEGS then gives itself 58 days to file its rebuttal testimony, then offers all other parties only 42 days to file surrebuttal testimony.

PSEG's proposed schedule inexplicably divides PPRP's submissions into two segments, "Direct Testimony" due July 2nd, and the "Project Assessment Report and Recommended Licensing Conditions" not due until October 10th? This begs the question of how can PPRP prepare testimony if the agencies it represents have not completed full assessments of the project?

Strikingly, PSEG's proposed schedule labels PPRP's Project Assessment Report (PAR) and Recommended Licensing Conditions as 'surrebuttal' (due on October 10) and, also specifies that only PSEG is able to file "Rejoinder Testimony" thirty-one days later – on November 10th. Under the proposed schedule none of the other parties are afforded any opportunity to rebut or comment on the contents of PPRP's PAR or its Recommended Licensing Conditions.

Depriving all Parties except PSEG of an opportunity to rebut or comment on the PAR or Recommended Licensing conditions (if any) is patently unfair and prejudicial. The proposed schedule must be rejected as it is clearly skewed in favor of the applicant and deprives other parties of their rights to fully participate in the proceedings.

## CONCLUSION

Frederick County, Maryland, respectfully requests that the Commission:

1) Rule on the Petitions to Intervene without a hearing; or if a hearing is necessary include only the representative of the 48 contested petitions;

2) Accept the determination by PPRP that the Application is incomplete as filed without holding a hearing; and

---

[2] This is especially prejudicial to PPRP because it needs to have complete information for the multiple agencies it represents to proceed to perform their analyses.

4

3) Reject PSEG's Proposed Procedural Schedule in its entirety.

Respectfully submitted,

_____
Bryon C. Black, County Attorney
Client Protection Fund No. 9112170068
Bblack@frederickcountymd.gov
Joshua S. Brewster, Senior Asst. County Attorney
Client Protection Fund No. 1306240002
JBrewster@frederickcountymd.gov
Wendy S. Kearney, Counsel for Frederick County
Client Protection Fund No. 8512010316
wkearney.law@gmail.com

Office of the County Attorney
12 East Church Street, Winchester Hall
Frederick, MD 21701
O: (301) 600-2913
F: (301) 600-1161
*Attorneys for Frederick County, Maryland*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10TH day of April 2025, a copy of the foregoing Comments on PSEG's Motion for Prehearing Conference filed by Frederick County, Maryland was sent via electronic service to all members of the Service List in Case No. 9773 dated April 7, 2025.

_____
Joshua S. Brewster, Senior Asst. County Attorney

6