# EXHIBIT 3

BEFORE THE
PUBLIC SERVICE COMMISSION OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION         * <br> OF PSEG RENEWABLE TRANSMISSION, LLC <br> FOR A CERTIFICATE OF PUBLIC                  * <br> CONVENIENCE AND NECESSITY TO                  CASE NO. 9773 <br> CONSTRUCT A NEW 500 kV TRANSMISSION * <br> LINE IN PORTIONS OF BALTIMORE, <br> CARROLL, AND FREDERICK COUNTES            * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMMENTS OF BALTIMORE COUNTY, MARYLAND IN OPPOSITION TO PSEG'S MOTION REQUESTING A PRE-HEARING CONFERENCE AND PSEG'S PROPOSED PROCEDURAL SCHEDULE

Baltimore County, Maryland, a body corporate and politic of the State of Maryland ("Baltimore County"), by and through its undersigned attorneys, Baltimore County Attorney James R. Benjamin, Jr. and Assistant County Attorney Lisa J. Smith, hereby submits the following comments in opposition to PSEG's Motion Requesting a Pre-hearing Conference and its Proposed Procedural Schedule attached thereto.

**I.   The Commission cannot give "due consideration" to the recommendation of Baltimore County if Baltimore County lacks sufficient information about the impacts of the proposed Project.**

Md. Code Ann., Public Utilities Article §7-207(e)(1) states that the Commission shall take final action on an application for a CPCN for an overhead transmission line only after due consideration of the recommendation of the governing body of each county in which the proposed line would be located. Additionally, Md. Code Ann., Public Utilities Article §7-207(e)(2) states that the Commission shall take final action on an application for a CPCN for an overhead transmission line only after due consideration of several factors, including the impact of the transmission line on historic sites, esthetics, economics, air quality and water pollution, among others. If Baltimore County does not have sufficient information or time to adequately address the Project's potential

1

impacts on the County and make a recommendation to the Commission, then the Commission cannot meet its statutory duty to give "due consideration" to Baltimore County. Similarly, the Commission cannot give "due consideration" to the factors enumerated in Md. Code Ann., Public Utilities Article §7-207(e)(2) if the Application is administratively incomplete. The Commission, DNR/PPRP, Baltimore County, and other participants lack the required information about these factors that would come from requisite field studies that have not yet been conducted.

**II.   Baltimore County opposes PSEG's proposed procedural schedule because the County cannot adequately represent its interests without an administratively complete Application.**

The procedural schedule proposed by PSEG sets a final order date of January 31, 2026. As noted by Frederick County in its comments, the proposed schedule contains many inequities and is substantially skewed in favor of PSEG. Importantly, the schedule proposes a date of July 2, 2025 for Baltimore County and other participants to file direct testimony. There is no mechanism in the proposed schedule to ensure that PSEG's Application is complete before this filing deadline. There are numerous deficiencies in the Application, and the County lacks information that it is entitled to in order to fully respond to the Application.

The County's interests are substantial. The MPRP 150-foot Limit of Disturbance runs through environmentally sensitive areas in northern Baltimore County incorporating 216 acres and impacting forest cover, forest conservation, forest buffer, and wetlands in the watershed areas of Loch Raven Reservoir, Prettyboy Reservoir, and Deer Creek. Baltimore County owns many acres of conservation easements that will be impacted by the proposed overhead transmission line, such as certain Forest Conservation Easements (FCE) and Forest Buffer Easements (FBE) on privately-owned land in the drinking water watersheds of Loch Raven and Prettyboy Reservoirs. Moreover, additional easements in Baltimore County, including easements secured by the Maryland Agricultural Land Preservation

2

Foundation (MALPF) and the Maryland Environmental Trust (MET), among other entities, will more than likely be negatively impacted by the project. A cost analysis performed by the Baltimore County Department of Environmental Protection and Sustainability has found that it will likely cost the County $6,865,841 to mitigate the estimated loss of forest cover, forest conservation area, forest buffer, and wetlands areas (measured in acres) as a result of the damage caused by the proposed Project.

As discussed below, DNR/PPRP has found that the PSEG Application is administratively incomplete because of deficiencies related to the Routing Study, as well as deficiencies in the study of the environmental and socioeconomic impacts of the Project. These deficiencies relate directly to Baltimore County's ability to make a recommendation to the Commission pursuant to Md. Code Ann., Public Utilities Article §7-207(e)(1) and to present to the Commission regarding the impact on factors enumerated in Md. Code Ann., Public Utilities Article §7-207(e)(2) on Baltimore County land, conservation easements, natural resources, and residents. Given these substantial impacts to Baltimore County, no procedural schedule should be set without the information that PSEG is required to include in its Application.

**A. The Routing Study is insufficient.**

In its report regarding completeness of the PSEG application (#245), DNR/PPRP found that the Application is administratively incomplete because it fails to meet the requirements of COMAR 20.79.04.03(A)(2) with regard to the Routing Study in several ways. Specifically, regarding Alternate Routes, DNR/PPRP found that the Routing Study lacks sufficient detail and makes it "impossible" for PPRP and other parties to review the decisions made during the siting process and validate how the proposed route was selected (#245 at 2). The Routing Study provides no details on how its alleged "holistic" criteria were used, how the holistic decision-making process was implemented, or how similar routes were evaluated without ranking any of the criteria used. Id. The Study claims to

3

minimize "unreasonable" costs but does not define "unreasonable" or identify which alternate routes were rejected on the basis of "unreasonable" costs.  Id.  The Routing Study does not sufficiently explain why routes with the least environmental impact were rejected, nor why routes incorporating the highest percentage of routing by paralleling existing transmission lines were rejected.  Id. at 3.  Alarmingly, the Routing Study "uses certain unclear or potentially misleading terminology" for comparing alternative routes.  Id.  As a result of these failures, PPRP found that PSEG should provide an updated Routing Study addressing these deficiencies and which contains a sufficiently detailed discussion for each alternative route and why it was rejected. Id.

**B. Environmental and Socioeconomic Effects of the Project have not been fully studied.**

In its Report, DNR/PPRP also found that the Application is administratively incomplete because it fails to meet the requirements of COMAR 20.79.04.04(B) and (C) with regard to information about anticipated impacts to socioeconomic and/or natural resources are anticipated within the Project Right of Way, and stated that, without field-based information, DNR/PPRP (and other parties) cannot fully evaluate the Project's impacts.  Id. at 4.  DNR/PPRP identified five field-based surveys that are necessary and have not been conducted: Wetland Delineations; Forest Stand Delineations; Geotechnical surveys; Sensitive Species Project Review Areas (SSPRA) surveys; and Maryland Historical Trust (MHT) required field surveys.  Id. at 4-5.  After these field studies are conducted, PSEG will need to revise its Environmental Review Document (ERD), detail all unavoidable impacts on and recommended mitigation natural resources, as well as update Environmental Mapping. Id. at 6.

Taken together, the deficiencies in PSEG's Application make it impossible for Baltimore County to give reasoned and complete consideration of the Project's potential effects on the County.  PSEG is seeking to put the proverbial cart before the horse in setting a final deadline for a decision by the Commission and attempting to set dates for a procedural schedule when its Application

4

remains woefully incomplete. Baltimore County submits that due process requires adequate information and time for the participants, including Baltimore County, to meaningfully represent their interests before the Commission.

## **CONCLUSION**

WHEREFORE, Baltimore County, Maryland, respectfully requests that the Commission deny the Applicant's Motion to Adopt its Procedural Schedule and requests that the Commission instead set a <u>limited</u> schedule with the following requirements recommended by DNR/PPRP in its Report on page 6 that:

PSEG file status updates on a regular basis until all the deficiencies have been met and the application is deemed administratively complete;

PSEG file Supplemental Testimony and revised ERD providing all information needed for a complete CPCN Application;

PPRP file an updated completeness determination within four weeks after PSEG files Supplemental Testimony; and

Once the Commission determines that the CPCN Application is administratively complete, schedule a status conference to adopt further procedural dates.

                                                  Respectfully submitted,

                                                  JAMES R. BENJAMIN, JR.
                                                  BALTIMORE COUNTY ATTORNEY


                                                  /s/
                                          _____

                                          Lisa J. Smith, Assistant County Attorney
                                          Baltimore County Office of Law
                                          Historic Courthouse
                                          400 Washington Ave., Suite 219
                                          Towson, Maryland 21204
                                          (410) 887-4420
                                          ***Attorneys for Baltimore County, Maryland***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 11th day of April, 2025, a copy of the Comments of Baltimore County, Maryland in Opposition to PSEG's Motion and Proposed Procedural Schedule was served via the Maryland PSC E-File system to all parties of record in Case No. 9773 as required by Commission regulations.

/s/
Lisa J. Smith