**RESPONDENT PETER AND JOHNN RADIO FELLOWSHIP INC.'S
OPPOSITION TO
PETITIONER PSEG RENEWABLE TRANSMISSION LLC'S MOTION FOR
PRELIMINARY INJUNCTION**

**Case No. 1:25-cv-01235-ABA**

**EXHIBIT 1**

**Declaration of Jon Bisset, President**
**Peter and John Radio Fellowship, Inc.**

I, Jon Bisset, am over the age of 18 and competent to testify to the matters set forth herein, and declare as follows:

1. I am the President of Peter and John Radio Fellowship, Inc., a faith-based Maryland nonprofit corporation that serves children and families through educational and recreational programming and, since 1952, has owned and operated River Valley Ranch ("RVR"), located at 4443 Grave Run Road, Manchester, Maryland 21102.

2. RVR is a camp and retreat center located on approximately 500 acres in northern Carroll County. Its facilities include a certified Maryland Horse Discovery Center, ADA-accessible retreat spaces, high and low ropes courses, paint ball fields, wooded trails, and other outdoor adventure elements. These facilities are used year-round for youth development programs, including outdoor education, equestrian programs, overnight camps, youth and adult retreats, and spiritual enrichment events.

3. RVR is located in a natural, rural setting that is central to its restorative programming. Home to forests and agricultural fields, the property is crossed by the Upper Gunpowder Falls and its tributaries—high-quality waters and wetlands that support sensitive aquatic species, including native brook trout and the federally threatened bog turtle. RVR's stewardship of these lands also protects neighboring Gunpowder Falls State Park.

4. The proposed Maryland Piedmont Reliability Project ("MPRP") transmission line and its 150' right of way would carve a roughly 5,000-foot, 17-acre path through the middle of the RVR. As we understand it, PSEG Renewable Transmission, LLC, the project's developer plans to place at least four massive structural supports on the property, and permanently eliminate acres of mature forest habitat. See Exhibit 1 (Location Map).

5. If built as proposed, the MPRP, would threaten RVR's current operations, long-term viability and the safety of its mission. The RVR property is devoted entirely to the care and development of thousands of children each year, and the presence of this high voltage electricity infrastructure is fundamentally incompatible with that purpose.

6. We are also extremely concerned about the open-ended and virtually unlimited access that the developer seeks to perform unidentified surveys and studies on the RVR property even without having any approval for this project.

7. Each year, RVR hosts about 8,000 minors on-site. From May through August, we operate residential summer camps serving approximately 2,500 children during our busiest and most financially significant season. Outside the summer months, we continue to host children almost daily, including through school field trips, weekend youth group events, and seasonal retreats.

8. Virtually all programming at RVR is centered around youth engagement. Accordingly, minors are present on the property throughout the entire calendar year, and the facility is designed and operated specifically for their safety and enrichment.

9. RVR has strict legal and ethical obligations to protect the children in our care. All staff and volunteers are background-checked, trained in child protection, and integrated into structured supervisory protocols.

10. Permitting access by unaffiliated and unvetted third-party contractors presents a serious safety and liability risk. This risk is not limited to the summer months. Because minors are present year-round, there is no time of year during which unsupervised and unfettered access would be considered safe or appropriate.

11. Additionally, allowing survey crews or environmental contractors—regardless of whether the work is labeled "non-invasive"—onto camp property would expose children to strangers and disrupt essential programming.

12. Beyond general concerns for child safety, RVR routinely serves highly vulnerable populations for whom unsupervised or unexpected contact with outside parties poses particular risks. For example:

- **Custodial Concerns:** Some children attending RVR are subject to court orders limiting parental contact, and any unsanctioned outside access could violate those protections.

- **Trauma-Sensitive Programs:** RVR hosts individuals who are recovering from trauma. Unplanned interactions with contractors could trigger trauma responses or worsen emotional distress.

- **Recovery Programs:** RVR also serves guests in substance abuse recovery programs. Uncontrolled outside contact could expose these individuals to influences they are working hard to avoid.

13. Allowing uncontrolled third-party access would not only threaten the safety of vulnerable guests, but would also expose RVR to significant legal liability. Any incident involving unauthorized contact could result in claims against RVR for negligence, breach of duty, or violations of child protection statutes.

14. PSEG requested access to our property approximately six months ago. At that time, we declined their request due to safety and programmatic concerns explained above. Since that initial denial, PSEG has made no further attempts to contact us, discuss alternate timing, or explore accommodations that would mitigate the risks to our year-round youth programs.

15. To our knowledge, PSEG did not engage in any follow-up dialogue or negotiation prior to filing this lawsuit. The lack of ongoing communication or good-faith engagement raises questions as to whether their statutory obligation to pursue access through bona fide negotiation was fully met.

16. River Valley Ranch exists to serve, protect, and inspire young people. Any third-party intrusion must be handled with the utmost caution and legal scrutiny, particularly when child safety is at stake.

17. RVR's mission is not just an operational undertaking; it is a trust placed in us by parents, guardians, and communities. We are committed to honoring that trust by doing everything within our power to ensure that every child who steps onto our property is safe, protected, and nurtured. Allowing uncontrolled access would betray that commitment, and we cannot, in good conscience, accept that risk.

18. Because of the devastating impacts the MPRP would have to RVR's property and operations, we have petitioned to intervene in the case before the Maryland Public Service Commission to oppose PSEG Renewable Transmission LLC's application for a certificate of public convenience and necessity for the project. We believe that any issues related to the project, including requested property access, should be decided in that process.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_Jon Bisset (Apr 30, 2025 10:31 CDT)_
Jon Bisset, President

Apr 30, 2025
Date

On Behalf of Peter and John Radio Fellowship, Inc.
and River Valley Ranch

# Declaration of Jon Bisset

Final Audit Report                                                                 2025-04-30

| | |
|---|---|
| Created: | 2025-04-30 |
| By: | Jennifer Wazenski (jennifer@watershedlc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAWgbxZLfUWHlPCM6dOWKlxtcMzyFROC4i |

## "Declaration of Jon Bisset" History

📄 Document created by Jennifer Wazenski (jennifer@watershedlc.com)
2025-04-30 - 3:01:04 PM GMT

📧 Document emailed to Jon Bisset (jbisset@rivervalleyranch.com) for signature
2025-04-30 - 3:01:08 PM GMT

📄 Email viewed by Jon Bisset (jbisset@rivervalleyranch.com)
2025-04-30 - 3:01:59 PM GMT

✍️ Document e-signed by Jon Bisset (jbisset@rivervalleyranch.com)
Signature Date: 2025-04-30 - 3:31:12 PM GMT - Time Source: server

✅ Agreement completed.
2025-04-30 - 3:31:12 PM GMT

Adobe Acrobat Sign