IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PSEG RENEWABLE TRANSMISSION LLC<br><br>    *Petitioner,*<br><br>v.<br><br>**ARENTZ FAMILY, LP,** *et al.*<br><br>    *Respondents*. | **Case No.** 1:25-cv-01235-ABA |

**RESPONDENTS' MOTION TO DEFER CONSIDERATION OF
PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION
PENDING THE COURT RULING ON RESPONDENTS' MOTION TO DISMISS**

Respondents, Arentz Family, LP, Barney's Farm, LLC, Charles William Bond, Morgan Davis Bond, Charlotte Ruth Bixler, Morris L. Bohlayer, Sharon A. Bohlayer, Gary J. Brockmeyer, Nancy M. Brockmeyer, Esther Johann Lentz-Buenger, Helen L. Bull, Chistopher D. Cockey, Carmen Cockey, Thomas B. Collins, Tracey W. Collins, Diane M. Cook, James R. Cook, Robert L. Donmoyer, Dorothy I. Donmoyer, Petrice Marie Donmoyer-Resh, Richard M. Doster, The Dug Hill Rod & Gun Club, Keith Emerson Ensor, Kevin Lee Ensor, Zhejun Fan, Joseph L. Gover, Raina C. Gover, HZ Properties, LLC, Bryan Hendrix, Connie Hendrix, Kimberly A. Johnston, Mohamad A. Kourani, Nada E. Kourani, Julia Lu, John D. Meader, Deborah H. Maeder, Nancy P. MacBride, Carl E. Miller, Betty Lou Miller (Deceased), Catherine V. Miller, Kenneth E. Miller, Fay Ann Miller, Wayne D. Miller, Benjamin Eugene Nusbaum, Kenneth Eugene Nusbaum, Chris N. Resh, Rebecca Irene Scollan, Robert H. Stickles, Sr., Alene R. Stickles, Erich Charles Steiger, Troyer Farms, LLC, Troyer Real Estate, LLC, Matt Unkle, Tom Unkle, Leslie Alfred White, Justin Wright, and Amy Gayle Youngblood (collectively, "Respondents"), by and through their undersigned counsel, hereby move for an Order deferring consideration of Petitioner's Motion for

Preliminary Injunction (ECF 75) pending the Court's ruling on Respondents' Motion to Dismiss, filed concurrently herewith.

**ARGUMENT**

On April 15, 2025, Petitioner PSEG Renewable Transmission LLC ("PSEG-RT") filed a Petition (ECF 1) and Motion for a Preliminary Injunction seeking an Order under Md. Code Ann., Real Prop. § 12-111 ("RP § 12-111") authorizing PSEG-RT to enter Respondents' private land. Months earlier, on December 31, 2024, PSEG-RT filed with the Maryland Public Service Commission ("PSC") an application for a Certificate of Public Convenience and Necessity ("CPCN"), wherein PSEG-RT seeks authorization to construct a 67-mile transmission line across Maryland and to acquire associated property rights by eminent domain. As of April 30, 2025, PSEG-RT and other interested parties had made nearly five hundred (500) filings in the PSC proceeding. *In re Application of PSEG Renewable Transmission LLC*, Case No. 9773 (Md. Pub. Serv. Comm'n 2024).[1] Although the PSC is still weighing the CPCN application, PSEG-RT claims through the instant action that it needs to enter Respondents' properties now—"to make surveys, run lines or levels, or obtain information relating to the acquisition and future use of the properties in connection with the Maryland Piedmont Reliability Project ('MPRP')"— and seeks a preliminary injunction for that purpose. ECF 75-6 at 1.

On April 30, 2025, Respondents filed an Opposition to the Motion for a Preliminary Injunction. Contemporaneous with that filing, Respondents moved to dismiss this action on the grounds that (i) PSEG's sole claim for relief is not available, because PSEG-RT is not an entity "having the power of eminent domain" such that the access rights granted by RP § 12-111 do not extend to PSEG-RT, (ii) the exercise of federal jurisdiction over such intrinsically local matters is

---

[1] All filings in the PSC proceeding are available here: https://webpscxb.psc.state.md.us/DMS/case/9773 (last visited Apr. 30, 2025).

not appropriate per *Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943) and PSEG-RT has not exhausted its special administrative remedies with the PSC, and (iii) PSEG-RT failed to join all necessary parties, because inclusion of the unnamed landowners domiciled in New Jersey would frustrate federal diversity jurisdiction.

The Court should decide the threshold matter of whether this case can be heard before ruling on the merits of the Motion for Preliminary Injunction. It would be a misuse of judicial resources and prejudicial to Respondents for the Court to adjudicate PSEG-RT's request for the extraordinary remedy of injunctive relief if the Court may later dismiss the action or decline to exercise jurisdiction for the reasons set forth in the Motion to Dismiss, which are fully incorporated herein by reference.

Further, if the Court were to deny the Motion to Dismiss, Respondents seek an opportunity to test the pertinent factual issues raised in the Motion for a Preliminary Injunction through an expedited discovery schedule. "The Federal Rules of Civil Procedure allow courts to order expedited discovery in the form of document requests and depositions," and "[e]xpedited discovery is particularly appropriate where a preliminary injunction is sought." *IOMAXIS, LLC v. Hurysh*, No. CV 20-3612 PJM, 2022 WL 180734, at *4 (D. Md. Jan. 20, 2022) (citing Fed. R. Civ. P. 26(d) and *Ciena Corp. v. Jarrard*, 203 F.3d 312, 324 (4th Cir.2000)).

WHEREFORE, Respondents request that the Court defer further action on the Motion for Preliminary Injunction until it has addressed the Motion to Dismiss, and if the case remains in this Court, only rule on the Motion for Preliminary Injunction after providing the parties (1) an opportunity to take discovery on the nature and extent of PSEG-RT's proposed entry onto Respondents' property, the issue of harm to PSEG-RT absent injunctive relief, and the public

necessity alleged by PSEG-RT, (2) an opportunity to brief the appropriate scope and conditions and terms of any right of entry to be provided, and (3) an evidentiary hearing.

                    Respectfully submitted,

*/s/ Harris W. Eisenstein*
Harris W. Eisenstein (Fed. Bar No. 29694)
David M. Wyand (Fed. Bar No. 23413)
Lauren M. McLarney (Fed. Bar No. 20982)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street 21st Floor
Baltimore, Maryland 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
heisenstein@rosenbergmartin.com
dwyand@rosenbergmartin.com
lmclarney@rosenbergmartin.com

*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2025, copies of Respondents' Motion to Defer Consideration of Petitioner's Motion for Preliminary Injunction Pending The Court Ruling on Respondents' Motion to Dismiss and Proposed Order were served through the CM/ECF System on all counsel of record.

                    */s/ Harris W. Eisenstein*
                    Harris W. Eisenstein