IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Northern Division**

| | |
|---|---|
| PSEG RENEWABLE TRANSMISSION LLC, | * |
| Petitioner, | * |
| v. | * Case No. 1:25-cv-1235 |
| ARENTZ FAMILY, LP, *et al.*, | * |
| Respondents. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PETITIONER PSEG RENEWABLE TRANSMISSION LLC'S OPPOSITION TO ARENTZ RESPONDENTS' MOTION TO DEFER CONSIDERATION OF PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION PENDING THE COURT RULING ON RESPONDENTS' MOTION TO DISMISS**

Petitioner PSEG Renewable Transmission LLC ("Petitioner" or the "Company") hereby opposes Arentz Respondents'[1] Motion to Defer Consideration of the Company's Motion for Preliminary Injunction Pending the Court Ruling on Respondents' Motion to Dismiss (ECF 93).

Arentz Respondents' Motion should be denied, as there is no basis to delay consideration of the Company's pending Motion for Preliminary Injunction (ECF 75). This Court already entered an Expedited Scheduling Order for consideration of the Company's Motion (ECF 79), to

---

[1] Arentz Respondents are: Arentz Family, LP, Barney's Farm, LLC, Charles William Bond, Morgan Davis Bond, Charlotte Ruth Bixler, Morris L. Bohlayer, Sharon A. Bohlayer, Gary J. Brockmeyer, Nancy M. Brockmeyer, Esther Johann Lentz-Buenger, Helen L. Bull, Chistopher D. Cockey, Carmen Cockey, Thomas B. Collins, Tracey W. Collins, Diane M. Cook, James R. Cook, Robert L. Donmoyer, Dorothy I. Donmoyer, Petrice Marie Donmoyer-Resh, Richard M. Doster, The Dug Hill Rod & Gun Club, Keith Emerson Ensor, Kevin Lee Ensor, Zhejun Fan, Joseph L. Gover, Raina C. Gover, HZ Properties, LLC, Bryan Hendrix, Connie Hendrix, Kimberly A. Johnston, Mohamad A. Kourani, Nada E. Kourani, Julia Lu, John D. Meader, Deborah H. Maeder, Nancy P. MacBride, Carl E. Miller, Betty Lou Miller (Deceased), Catherine V. Miller, Kenneth E. Miller, Fay Ann Miller, Wayne D. Miller, Benjamin Eugene Nusbaum, Kenneth Eugene Nusbaum, Chris N. Resh, Rebecca Irene Scollan, Robert H. Stickles, Sr., Alene R. Stickles, Erich Charles Steiger, Troyer Farms, LLC, Troyer Real Estate, LLC, Matt Unkle, Tom Unkle, Leslie Alfred White, Justin Wright, and Amy Gayle Youngblood.

1

which the parties have adhered.  The Company has also already filed its Opposition to the various motions to dismiss filed by Arentz Respondents (ECF 89, 94, 95, 101).  As a result, the Court need not depart from its expedited consideration of the Company's Motion.

The Court should also deny Arentz Respondents' alternative request for expedited discovery.  As Arentz Respondents' own cited authority makes clear, "[i]n reviewing requests for expedited discovery, courts have adopted a reasonableness standard, determining whether the request is supported by good cause, considering the totality of the circumstances."  *IOMAXIS, LLC v. Hurysh*, 2022 WL 180734 at *4 (D. Md. Jan. 20, 2022) (citations and quotations omitted).  "Even where good cause exists, the discovery request must be narrowly tailored to obtain information relevant to a preliminary injunction determination."  *Id.*  (citations omitted).

Arentz Respondents' Motion does not address this standard, and they do not present good cause for their request, in any event.  Arentz Respondents assert that they require discovery "on the nature and extent of [the Company's] proposed entry onto Respondents' property, the issue of harm to [the Company] absent injunctive relief, and the public necessity alleged by [the Company]."  (ECF 93 at 3-4).  But Arentz Respondents do not explain how discovery related to "the nature and extent" of the Company's proposed entry would be relevant to determining whether the Company is entitled to preliminary relief, *i.e.*, (1) likelihood of success on the merits at trial; (2) likelihood that the Company will suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of equities weighs in favor of the Company; and (4) whether an injunction is in the public interest.  *See L'Occitane, Inc. v. Trans Source Logistics, Inc.*, 2009 WL 3746690 at *2 (D. Md. Nov. 2, 2009) (denying motion for expedited discovery related to preliminary injunction where requested evidence was not relevant to court's determination of the preliminary injunction factors).  To the degree that Arentz Respondents claim they require

discovery related to "the issue of harm" and "the public necessity alleged," Arentz Respondents do not explain what specific discovery they seek, let alone how that discovery would demonstrate that the Company is not entitled to a preliminary injunction. Arentz Respondents' blanket request for general discovery should be rejected accordingly.

## CONCLUSION

For the foregoing reasons, the Company respectfully requests the Court DENY Arentz Respondents' Motion to Defer Consideration of the Company's Motion for Preliminary Injunction Pending the Court Ruling on Respondents' Motion to Dismiss.

Date: May 5, 2025

Respectfully submitted,

*/s/ Kurt J. Fischer*
Kurt J. Fischer (Bar No. 03300)
Venable LLP
210 W. Pennsylvania Avenue
Suite 500
Towson, MD 21204
(410) 494-6200
kjfischer@venable.com

J. Joseph Curran III (Bar No. 22710)
Christopher S. Gunderson (Bar No. 27323)
Kenneth L. Thompson (Bar No. 03630)
Susan R. Schipper (Bar No. 19640)
Emily J. Wilson (Bar No. 20780)
Venable LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
(410) 244-7400
jcurran@venable.com
klthompson@venable.com
csgunderson@venable.com
srschipper@venable.com
ejwilson@venable.com

*Attorneys for Petitioner PSEG Renewable Transmission LLC*

## CERTIFICATE OF SERVICE

      I hereby certify on this 5th day of May 2025, I electronically filed and served the foregoing on all counsel of record via the Court's CM/ECF system.

                                        */s/ Emily J. Wilson*
                                        Emily J. Wilson