IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PSEG RENEWABLE TRANSMISSION LLC, *Plaintiff*, v. ARENTZ FAMILY, LP, *et al.*, *Defendants* | Case No. 25-cv-1235-ABA |

# ORDER

Petitioner PSEG Renewable Transmission LLC ("PSEG") filed a motion raising concerning allegations that certain Respondents and/or third parties had taken steps to obstruct, or attempt to obstruct, PSEG's lawful execution of this Court's Preliminary Injunction (ECF No. 268, as amended on July 11, 2025). ECF No. 282. The Court ordered Respondents Brandon Hill, Leslie Alfred White, Esther Johann Lentz-Buenger, Troyer Farms, LLC, Troyer Real Estate, LLC, Dorothy I. Donmoyer, Petrice Marie Donmoyer-Resh, and Chris N. Resh to file a response. ECF No. 285. All but Respondent Brandon Hill (who is represented by counsel) did so, forthrightly acknowledging their obligations to comply with the Preliminary Injunction, ECF No. 287, and expressly stating that they are "committed to comply with all Court orders, to cooperate with PSEG's access to their properties as ordered by the Court, and not to engage in any threats or violence towards PSEG, its agents, or law enforcement." *Id*. at 2.

Although Mr. Hill's counsel wrote to PSEG's counsel on August 15 expressing Mr. Hill's "significant remorse" and "sincerest apologies" for his father's behavior, ECF No.

282-1 at 19, no response to either PSEG's motion (ECF No. 282) or this Court's order (ECF No. 285) has been filed on behalf of Mr. Hill.

In light of the response (ECF No. 287) by Leslie Alfred White, Esther Johann Lentz-Buenger, Dorothy I. Donmoyer, Petrice Marie Donmoyer-Resh, Chris N. Resh, Thomas B. Collins, Tracy W. Collins, Troyer Farms, LLC and Troyer Farms Real Estate, LLC, and given the limited resources of the U.S. Marshals Service, the Court concludes that the circumstances—at least at present—do not warrant sending U.S. Marshals to accompany PSEG and its agents to those Respondents' properties. Accordingly, the Court hereby ORDERS that the motion requesting that the Court order the U.S. Marshals Service to accompany PSEG's agents, ECF No. 282, is DENIED WITHOUT PREJUDICE. But the Court hereby further ORDERS as follows:

1. Respondent Brandon Hill shall SHOW CAUSE by **Wednesday, September 10, 2025**, why Mr. Hill should not be subject to sanctions and/or civil contempt for (a) his father's conduct as set forth in PSEG's motion (ECF No. 282) in alleged violation of the Court's Preliminary Injunction (ECF No. 287), and (b) Mr. Hill's failure to respond to the motion (ECF No. 282) and to this Court's August 18 order (ECF No. 285). *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Keyes Law Firm, LLC v. Napoli*, 120 F.4th 139 (4th Cir. 2024). Mr. Hill's response shall include an explanation why the Court should not impose on him a monetary sanction constituting PSEG's attorneys' fees in having to file its motion with respect to Mr. Hill, and/or other relief the Court deems appropriate such as daily fines until Mr. Hill takes steps to ensure PSEG may safely and without obstruction comply with this Court's injunction with respect to his property.

2. Respondents Troyer Farms, LLC and Troyer Real Estate shall SHOW CAUSE by **Wednesday, September 10, 2025**, why Mr. Mark Troyer should not be sanctioned for stating he will "do everything in my ability to keep them off our property" (ECF No. 290-1) after having shortly before represented to this Court through counsel that he will "comply with this Court's orders" and "not interfere with PSEG's ordered access to his property" (ECF No. 287 at 4). *See* Fed. R. Civ. P. 11; *Chambers*, 501 U.S. at 43–46.

3. The Court hopes that issues like those raised in PSEG's August 15 motion (ECF No. 282) will not arise again. But if PSEG is unable to complete future surveys or is obstructed from doing so due to interference, PSEG may file a new motion or renewed motion. The Court further ORDERS that, upon the filing of such motion:

    a. Respondents represented by counsel whose conduct is at issue in such motion SHALL RESPOND to such motion within 3 business days, and PSEG shall reply within 3 further business days.

    b. For Respondents who are *not* represented by counsel whose conduct is at issue in such motion, (i) PSEG shall serve such motion along with this Order, and file a certification of such service; (ii) such Respondent SHALL RESPOND to such motion within 3 business days after the filing of such certification; and (iii) PSEG shall reply within 3 further business days.

Date: September 2, 2025

          /s/
Adam B. Abelson
United States District Judge