**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PSEG RENEWABLE TRANSMISSION, LLC | * | |
| | * | |
| *Plaintiff* | * | |
| v. | * | Case No. 25-cv-1235-ABA |
| | * | |
| ARENTZ FAMILY, LP, *et al.*, | * | |
| *Defendants* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DEFENDANT BRANDON HILL'S
RESPONSE TO ORDER TO SHOW CAUSE</u>**

Defendant, Brandon Hill ("Mr. Hill") by Susan M. Euteneuer and Pessin Katz Law, P.A., his attorneys, respectfully submits this Response to this Court's September 2, 2025, Order to Show Cause (the "Order") and, in support thereof, states the following:

1. In the Order, this Court requested that Mr. Hill explain why he should not be subject to sanctions with respect to PSEG Renewable Transmission, LLC's ("PSEG") Motion for U.S. Marshal Assistance and Establishment of a Procedure for Future Assistance (the "Motion") in which PSEG alleged that Mr. Hill's father, Keith Hill, engaged in conduct which prevented PSEG from surveying and/or collecting information from 21012 West Liberty Road, White Hall Road, Maryland 21161 (the "Property").

2. First, Mr. Hill is the sole owner of the Property. *See* Affidavit of Brandon Hill, a copy of which is attached hereto and incorporated herein as *Exhibit 1* at ¶ 3.

3. Mr. Hill's father does not reside at the Property and—instead—resides on a property adjacent to the Property. *Id.* at ¶ 4.

4. On August 4, 2025, when the incident described in the Motion is alleged to have occurred, Mr. Hill was not within the state of Maryland, because he had traveled out of state to attend a wedding. *Id.* at ¶ 5.

5. Prior to receiving a copy of the Motion from undersigned counsel, Mr. Hill was entirely unaware of any incident involving Mr. Hill's father and PSEG's employees and/or agents on August 4, 2025 as alleged in the Motion.[1] *Id.* at ¶¶ 7–8.

6. Prior to the alleged incident, Mr. Hill did not authorize, direct, nor encourage his father to take an action with respect to PSGE's employees and/or agents conducting surveying and/or information gathering on the Property. *Id.* at ¶ 10. After learning about the incident through the Motion, Mr. Hill did not condone the alleged actions of his father and sincerely apologized. *Id.* at ¶ 12; *see also* ECF-281.

7. Mr. Hill's father suffers from physical and mental illness. *Id.* at ¶ 9; *see also* ECF 282-1. Nonetheless, Mr. Hill understands that the illnesses do not justify the alleged conduct of his father. ECF 282-1.

8. Moreover, Mr. Hill—through counsel—has communicated with PSEG's representatives concerning PSEG's access to the Property, expressed remorse over the incident, and has offered to make significant accommodations to PSEG to enable any potentially necessary future access of the Property, including coordinating access to the Property through Mr. Hill's counsel and ensuring that Mr. Hill's father is not present at the Property and does not interfere with PSEG's access to the Property in the future. *Id.* at ¶ 12; *see also Exhibit A*; ECF 282-1.

---

[1] On August 15, 2025, Counsel for PSEG sent an email to opposing counsel in this matter. provided a draft of the Motion and requested that consent be given to the relief requested therein within twenty-four (24) hours. *See* ECF 282-1. Given the number of undersigned counsel's clients in this matter, consent could not be obtained within that period. Nonetheless, undersigned counsel offered to coordinate and ensure PSEG's access to the Property.

9. In sum, Mr. Hill should not be sanctioned and/or held in contempt for several reasons: (1) Mr. Hill was not at the Property on August 4, 2025; (2) Mr. Hill was entirely unaware of any incident involving PSEG's employees and/or agents and Mr. Hill's father at the Property on August 4, 2025, prior to receiving a copy of PSEG's Motion from his counsel; (3) Mr. Hill did not attempt to prevent PSEG from accessing the Property; (4) Mr. Hill neither encouraged, authorized, nor directed his father to interfere with any of PSEG's activities with respect to surveying the Property; (5) Mr. Hill does not condone his father's activities, as alleged by PSEG's in the Motion; (6) Mr. Hill has been diligently communicating with PSEG—through counsel—to accommodate PSEG and ensure they are able to conduct the surveys to which they are entitled to conduct on the Property, in accordance with this Court's prior Orders; and (7) Mr. Hill recognizes and respects the authority of this Court and any applicable Orders issued by this Court and vows to ensure that PSEG will be able to access the Property in the future. *See generally Ex. 1*. Mr. Hill has also expressed his remorse with respect to the incident alleged in PSEG's Motion. *See* ECF 282-1; *Ex. A*.

10. Moreover, in the Motion, PSEG has neither alleged nor demonstrated that Mr. Hill personally violated any Orders of this Court. Nor has PSEG alleged that any violation of said Orders by Mr. Hill's father were authorized, directed, or condoned by Mr. Hill. Because Mr. Hill did not discover the alleged incident until his counsel provided him with a copy of the Motion, *see supra* at n.1, it would be inappropriate for this Court to impose a monetary sanction against Mr. Hill in the amount of PSEG's attorneys' fees in preparing and filing the Motion.

11. As evidenced by the Motion, there are still ongoing surveys that PSEG must undertake within the surrounding area. Given Mr. Hill's willingness and the affirmative steps he has undertaken to coordinate PSEG's future access to the Property—and to prevent any similar

interference with said access—it would be inappropriate for this Court to subject Mr. Hill to sanctions and/or civil contempt with respect to the incident described in the Motion.

                Respectfully submitted,

                */s/ Susan M. Euteneuer*
                Susan M. Euteneuer (# 26997)
                seuteneuer@pklaw.com
                PESSIN KATZ LAW, P.A.
                901 Dulaney Valley Road, Suite 500
                Towson, Maryland 21204
                410.938.8800
                ***Attorneys for Brandon Hill***

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that on this 10th Day of September 2025, a copy of the foregoing was electronically served through the CM/ECF system on all counsel of record.

                */s/ Susan M. Euteneuer*
                Susan M. Euteneuer (# 26997)