**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **PSEG RENEWABLE TRANSMISSION LLC** | |
| *Petitioner,* | |
| v. | **Case No.** 1:25-cv-01235-ABA |
| **ARENTZ FAMILY, LP,** *et al.* | |
| *Respondents.* | |

## RESPONSE TO ORDER TO SHOW CAUSE

Respondents, Troyer Farms, LLC ("Troyer Farms") and Troyer Real Estate, LLC ("Troyer Real Estate"), by and through undersigned counsel, hereby respond to the Order ("Order to Show Cause") (ECF 293) issued on September 2, 2025, regarding why Mark Steven Troyer[1] should not be sanctioned and respectfully state:

1.  On August 15, 2025, Petitioner PSEG Renewable Transmission LLC ("PSEG") filed a Motion for U.S. Marshal Assistance and Establishment of a Procedure for Future Assistance (the "Motion") (ECF 282) citing alleged safety concerns regarding PSEG's interactions with third parties or certain Respondents on six properties, including one property belonging to Troyer Farms and Troyer Real Estate.

2.  On August 20, 2025, Troyer Farms, Troyer Real Estate, and others (collectively the "Motion Respondents") filed a Response to the Motion ("Response") (ECF 287), through which the Motion Respondents "committed to comply with all Court orders, to cooperate with PSEG's access to their properties as ordered by the Court, and not to engage in any threats or violence towards PSEG, its agents, or law enforcement." ECF 287 at 2.

---

[1] Mr. Troyer is a member of both Troyer Farms and Troyer Real Estate.

3.      While Troyer Farms and Troyer Real Estate did not consent to PSEG's request for U.S. Marshal assistance on their property, Mr. Troyer authorized undersigned counsel to represent that Troyer Farms and Troyer Real Estate "will not engage in any threats of violence or violence towards PSEG, its agents, or law enforcement present on [their] property pursuant to this Court's Amended Preliminary Injunction." ECF 287 at 4; *see also id.* at 1, n.2. Mr. Troyer further stated that he "will comply with this Court's orders and will not interfere with PSEG's ordered access to his property." *Id.* at 4. In addition, to facilitate the safety of all involved, Mr. Troyer committed "to remove his dogs from his property until PSEG's survey process is complete." *Id.*

4.      On August 22, 2025, PSEG filed a Reply in support of its Motion. *See* ECF 290. Regarding Troyer Farms and Troyer Real Estate, PSEG stated that "Mark Troyer told *The Frederick News-Post* after the Motion was filed that he 'will do everything in [his] ability to keep [the Company] off our property'—albeit 'peacefully.'" *Id.* at 2. PSEG then suggested that "Mr. Troyer's statement to the press *may* conflict" with the representations he made to the Court in the Response. *Id.* (emphasis added). PSEG did not advise the Court that Mr. Troyer's comments to the press came *before* Mr. Troyer consulted with counsel regarding the Motion and *before* Troyer Farms and Troyer Real Estate joined in the Response.

5.      Indeed, Mr. Troyer spoke to a reporter at *The Frederick News-Post* about PSEG's Motion on or before August 19, 2025. *See* **Exhibit 1** (Declaration of Mark Steven Troyer ("Troyer Decl.") ¶ 5). The article quoting Mr. Troyer was published on August 19, 2025,[2] the day before Troyer Farms and Troyer Real Estate filed their Response. *Id.* at ¶ 4.

---

[2] A copy of the article is attached to the Troyer Declaration as Exhibit A. The first page of the article indicates that it was published on August 19, 2025. *See* Troyer Decl., Ex. A.

6.      Mr. Troyer spoke to counsel on multiple occasions on August 19, 2025, and August 20, 2025, concerning the gravity of the Motion and Troyer Farms and Troyer Real Estate's position on the Motion. *Id.* at ¶ 6.  Upon advice of counsel, Mr. Troyer resolved to comply with this Court's orders, cooperate with PSEG's ordered access to property owned by Troyer Farms and Troyer Real Estate, and not engage in violence or threats of violence. *Id.*

7.      Mr. Troyer respectfully submits that he commented to *The Frederick News-Post* ***before*** representing to the Court that he would "comply with this Court's orders and [would] not interfere with PSEG's ordered access to his property." *Id.* at ¶¶ 5, 10. Mr. Troyer's representations to the Court on August 20, 2025—a day ***after*** *The Frederick News-Post* published the article— were true and accurate at the time the Response was filed, and they remain true and accurate at the time of this filing. *Id.* at ¶ 8.

8.      In addition, Troyer Farms and Troyer Real Estate are among the sixty Respondents who have appealed this Court's decision permitting PSEG to access their properties for the purpose of conducting pre-condemnation surveys under Section 12-111 of the Real Property Article. *Id.* at ¶ 7. Notwithstanding the pending appeal and the stress attendant to potentially losing property rights to eminent domain, Mr. Troyer fully appreciates that Troyer Farms and Troyer Real Estate must cooperate with the Amended Preliminary Injunction and all orders issued by this Court. *Id.* Mr. Troyer's efforts to protect his property rights will be confined to lawful methods. *Id.*

9.      Mr. Troyer, on behalf of Troyer Farms and Troyer Real Estate, assures the Court that he will comply with all Court orders, cooperate with PSEG's access to his property as ordered by the Court, and not engage in any threats or violence towards PSEG, its agents, or law enforcement. *Id.* at ¶ 9.

10. Because Mr. Troyer's comments to *The Frederick News-Post* pre-dated his consultation with counsel and the filing of the Response, and because Mr. Troyer intends to uphold the commitments included in the Response and herein, Mr. Troyer respectfully asks that the Court not impose sanctions on him. *Id.* at ¶ 10.

For the foregoing reasons, Mark Steven Troyer respectfully requests that the Court find he has shown cause for not imposing sanctions and that the Court not impose any sanctions on him.

Respectfully submitted,

*/s/ Harris W. Eisenstein*
Harris W. Eisenstein (Fed. Bar No. 29694)
David M. Wyand (Fed. Bar No. 23413)
Lauren M. McLarney (Fed. Bar No. 20982)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street 21st Floor
Baltimore, Maryland 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
heisenstein@rosenbergmartin.com
dwyand@rosenbergmatin.com
lmclarney@rosenbergmartin.com

*Attorneys for Troyer Farms, LLC and
Troyer Real Estate, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 10th day of September, 2025, a copy of the foregoing

Response to Order to Show Cause was served through the CM/ECF System on all counsel of

record.

*/s/ Harris W. Eisenstein*
Harris W. Eisenstein
