IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| PSEG RENEWABLE TRANSMISSION LLC, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | | Case No. 25-CV-1235-ABA |
| ARENTZ FAMILY, LP, *et al.*, | * | |
| | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO CLARIFY**
**THE AMENDED PRELIMINARY INJUNCITION TO**
**PROHIBIT HUNTING ON NOTICED SURVEY DAYS**

Petitioner, PSEG Renewable Transmission LLC ("PSEG" or "Company"), pursuant to

Fed. R. Civ. P. 7(b) and 65(a), moves the Court to issue an order clarifying the Court's Amended

Preliminary Injunction to provide that Respondents (hereafter, "Property Owners") may not

engage in, or permit, hunting on a property subject to the preliminary injunction on a day for which

PSEG has given notice that it will conduct surveys and examinations authorized by the Court. In

support thereof, PSEG states as follows:

**BACKGROUND**

On April 15, 2025, PSEG filed a petition in this case ("*PSEG I*") for access to real property

against Property Owners, pursuant to Md. Code Ann., Real Property ("RP") § 12-111(b) (the

"Petition"), to obtain temporary access to the real property located along the proposed right-of-

way for the Maryland Piedmont Reliability Project ("MPRP"), an electric transmission line

project. *PSEG I*, ECF 1.  PSEG simultaneously moved for a preliminary injunction allowing

temporary access to the Respondents' properties.  The temporary access is required to conduct

required field surveys including, but limited to, metes and bounds surveys, wetland delineation surveys, forest stand delineation surveys, and archaeological surveys (the "Survey Work").

On June 20, 2025, the Court granted PSEG's motion for a preliminary injunction allowing the Company to begin conducting the required Survey Work. *PSEG I*, ECF 254 (Memorandum Opinion), ECF 255 (Order), ECF 256 (Preliminary Injunction), ECF 268 (Amended Preliminary Injunction). On July 11, 2025, this Court granted an Amended Preliminary Injunction which states that PSEG "shall be permitted to enter onto the properties of Respondents and to remain on the property to the extent reasonably necessary to make surveys, run lines or levels, or obtain information relating to the acquisition and future use of the properties in connection with the [MPRP] … as authorized by Md. Code. Ann., Real Prop. § 12-111." *PSEG I*, ECF 268.

On July 15, 2025, PSEG filed a second action in this Court, captioned *PSEG Renewable Transmission LLC v. Alvi Properties, LLC, et al.,* Case No. 1:25-cv-2296 ("*PSEG II*") for access to properties pursuant to RP § 12-111(b) against additional property owners along the proposed MPRP right-of-way. *PSEG II,* ECF 1. PSEG again simultaneously sought a preliminary injunction seeking access to these properties to perform the required Survey Work. *PSEG II,* ECF 124. On September 2, 2025, this Court granted PSEG's preliminary injunction in *PSEG II* "for the same reasons explained" in its memorandum opinion accompanying the June 20, 2025, Preliminary Injunction in the instant action. *PSEG II,* ECF 156. The preliminary injunction in *PSEG II* also states that PSEG "shall be permitted to enter onto the properties of Respondents and to remain on the property to the extent reasonably necessary to make surveys, run lines or levels, or obtain information relating to the acquisition and future use of the properties in connection with the [MPRP] … as authorized by Md. Code. Ann., Real Prop. § 12-111." *PSEG II,* ECF 160.

2

Pursuant to the Amended Preliminary Injunction in this case, on July 17, 2025, PSEG assembled its survey crews and began providing notice of entry to certain Respondents. *PSEG I,* ECF 272, ECF 288, ECF 297. On or around July 21, 2025, PSEG began conducting field surveys in accordance with the Amended Preliminary Injunction. *PSEG I,* ECF 272, ECF 288, ECF 297. Recently, however, two property owners subject to a preliminary injunction have suggested that, even if surveyors are physically present on their properties, they intend to engage in, or permit, hunting on the properties during the Maryland hunting season, which generally runs from September to February. Specifically, on or about September 9, 2025, Victoria Issac, who is a Respondent in *PSEG II*, contacted PSEG and left a voicemail message stating "hunters are going to be on the property now that it is deer season[.]" Exhibit 1, October 20, 2025 Shilkoski Declaration at ¶ 8. In addition, on or about September 25, 2025, Respondent Michael Davis, who is a Respondent in the present case, posted a photo of PSEG's survey notice on Facebook in the STOP MPRP Community Group, and in the comment section of the post, Mr. Davis made the following statement: "*It's hunting season, I've got plenty of deer. Survey at your own risk.*" Exhibit A to Shikoski Declaration (emphasis added). Another commenter in the same chain posted the following message on Mr. Davis' post: "*Offer to make sure they are safe and escort them with a 12 gauge, since they are so concerned about safety, there shouldn't be any complaints.*" *Id.* (emphasis added).

After receiving these suggestions that at least two property owners believed that they were entitled to hunt, or to permit hunting, on days for which PSEG had given notice that it intended to conduct surveys, Dawn Shilkoski the MPRP projected manager, gave direction that Survey Work on those properties be stopped where the property owners suggested that they would permit

hunting notwithstanding the presence of surveyors.  October 20, 2025 Shilkoski Declaration at ¶ 10.

## ARGUMENT

The Amended Preliminary Injunction specifically provides that PSEG has the right "to enter onto the properties of Respondents and to remain on the property to the extent reasonably necessary to make surveys, run lines or levels, or obtain information relating to the acquisition and future use of the properties in connection with the [MPRP] … as authorized by Md. Code. Ann., Real Prop. § 12-111."  ECF 268.  Further, RP § 12-111(e) provides that "[a]ny person who has knowledge of an order issued pursuant to subsection (b) and who obstructs any civil engineer, surveyor, real estate appraiser, or any of their assistants acting under the authority of the order may be punished as for contempt of court."

PSEG respectfully submits that the statements of two property owners suggesting that they intend to engage in, or permit, hunting on their properties during days for which PSEG has given notice that it intends to conduct surveys, raises significant concerns about the safety of PSEG surveyors.  Under the Amended Preliminary Injunction and RP § 12-111, PSEG has the right to conduct Survey Work on Respondents' properties after giving notice as required by the Amended Preliminary Injunction.  It should be self-evident to these property owners that PSEG cannot direct its survey teams to enter a property if there is a threat that firearms are being discharged on the property for hunting.  Maryland laws governing hunting recognize the dangers associated with hunting near human beings who are not otherwise aware that such hunting is occurring.  *See* Md. Code Ann., Natural Res. Article ("NR"), § 10-410(g).  Furthermore, it is illegal to recklessly engage in conduct that creates a substantial risk of death or serious bodily injury to another.  Md. Code Ann., Crim. Law ("CL"), § 3-204.

PSEG believes that engaging in, or permitting, hunting while surveyors are on a property would be a violation of the Court's injunction. Accordingly, PSEG requests the Court to clarify its preliminary injunction to provide that Property Owners may not hunt or permit hunting on their properties subject to the injunction on days for which PSEG has given them notice that Survey Work will be conducted. PSEG respectfully submits that this clarification should (1) forestall actions by Property Owners that would be in violation of this Court's preliminary injunction and RP § 12-111(e), and (2) help ensure the safety of PSEG's surveyors while performing the Survey Work.

Additionally, PSEG is aware that it typically gives notice that it will enter properties during a two- or three-week window, and that this period of time may impact hunting periods established by law. Accordingly, PSEG requests the Court to include in an order clarifying the preliminary injunction a provision which: (1) authorizes Property Owners to request permission to hunt on certain days within the two-to-three-week window set forth in PSEG's notice by sending an email to specified PSEG addresses; and (2) requires PSEG to respond to the request within two business days. PSEG believes that this procedure will facilitate cooperation and open up a maximum number of hunting days without endangering surveyors.

## CONCLUSION

For the reasons stated above, PSEG respectfully requests the Court grant PSEG's motion and clarify the Amended Preliminary Injunction to provide that Respondents may not engage in, or permit, hunting on their properties subject to this Court's preliminary injunction on any day for which PSEG has given notice that it will be conducting Survey Work.

Date: October 24, 2025                                    Respectfully submitted,


*/s/ Kurt J. Fischer*
Kurt J. Fischer (Bar No. 03300)
Venable LLP
210 W. Pennsylvania Avenue
Suite 500
Towson, MD 21204
(410) 494-6200
kjfischer@venable.com

J. Joseph Curran III (Bar No. 22710)
Christopher S. Gunderson (Bar No. 27323)
Kenneth L. Thompson (Bar No. 03630)
Susan R. Schipper (Bar No. 19640)
Emily J. Wilson (Bar No. 20780)
Venable LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
(410) 244-7400
klthompson@venable.com
csgunderson@venable.com
srschipper@venable.com
ejwilson@venable.com


*Attorneys for Plaintiff PSEG
Renewable Transmission LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2025, a copy of the foregoing motion and

accompanying proposed order were served through the CM/ECF System on all counsel of record.


*/s/ Emily J. Wilson*_____
Emily J. Wilson