**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**Northern Division**

| | | |
|---|---|---|
| PSEG RENEWABLE TRANSMISSION LLC, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Case No. 1:25-cv-01235 |
| ARENTZ FAMILY, LP, *et al.*, | * | |
| | * | |
| Respondents. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| PSEG RENEWABLE TRANSMISSION LLC, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Case No. 1:25-cv-3501 |
| ANDREA ELIZABETH KABLE, | * | |
| | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>PETITIONER'S MOTION FOR U.S. MARSHALS ASSISTANCE RELATED TO
ANDREA ELIZABETH KABLE</u>**

Petitioner PSEG Renewable Transmission LLC ("PSEG" or "the Company") hereby respectfully moves the Court for an order instructing the U.S. Marshals Service to accompany the Company to four properties subject to this Court's Amended Preliminary Injunction in *PSEG 1* and affiliated with Andrea Elizabeth Kable, respondent in *PSEG Renewable Transmission LLC v. Andrea Elizabeth Kable*, Case No. 1:25-cv-3501 ("*Kable*"). The Court has enjoined Ms. Kable from obstructing Company's survey efforts or threatening its agents. *Kable*, ECF 22. Yet, on March 25, 2026, Ms. Kable verbally harassed and threatened Company agents as they posted a survey notice at the property where Ms. Kable resides.

Ms. Kable's flagrant violation of the injunction entered against her demonstrates that the Company's agents cannot safely enter the four properties connected to Ms. Kable—all of which are scheduled for surveys next week. The Company respectfully requests the assistance of U.S. Marshals for its efforts on these properties, which are in close proximity to the properties where the U.S. Marshals have already begun providing assistance in *PSEG 1*[1] and *PSEG 3*.[2] *See PSEG Renewable Transmission, LLC v. Roger Dean McGrew, Jr.*, Case No. 1:26-cv-00591, ECF 14 at 2; *PSEG 1*, ECF 341; *PSEG 3*, ECF 130.

## BACKGROUND

There are four properties located in Carroll County, within several miles of each other, that are affiliated with Ms. Kable and subject to the Amended Preliminary Injunction entered in *PSEG 1*. They are: (1) two properties owned by Dells Generation Farms, LLC, located at the premises addresses of Westminster, MD 21158 and 3324 Bixler Church Road, Westminster, MD 21102; (2) a property owned by Francis Lee Dell and Marian V. Dell, located at the premises address of 2401 Bachman Valley Road, Manchester, MD 21102; and (3) a property owned by Matthew Lee Dell,

---

[1] *PSEG Renewable Transmission LLC v. Arentz Family, LP, et al.*, Case No. 1:25-cv-01235.
[2] *PSEG Renewable Transmission LLC v. Belfast Farms, LLC, et al.*, Case No. 1:25-cv-03352.

located at the premises address of 2128 Bachman Valley Road, Manchester, MD 21102 (collectively, the "Dell Properties"). Ms. Kable resides at the property owned by Dells Generation Farms, LLC, at 3324 Bixler Church Road and, on information and belief, is married to Matthew Dell.

The Company filed *Kable* to prohibit Ms. Kable from further obstructing the Company's survey efforts or threatening its agents. (*Kable*, ECF 1, 5.) On February 24, 2026, the Court entered a default judgment against Ms. Kable that forbids Ms. Kable from obstructing the Company's surveying efforts, including by engaging in violent or threatening behavior directed toward Company agents, forbidding or purporting to forbid entry to Company agents, and "otherwise taking actions intended to obstruct Company agents from performing surveys authorized by Court Order." (*Kable*, ECF 22.)

On March 25, 2026—mere weeks this Court issued that order—a survey team traveled to 3324 Bixler Church Road, where Ms. Kable resides, in order to serve Respondent Matthew Dell with notice of an upcoming survey. (Exhibit 1, Declaration of Ryan Kivitz ("Kivitz Decl.") ¶ 4; Exhibit 2, Declaration of Mark Oswald ("Oswald Decl.") ¶ 4.) While the team was at the property, Ms. Kable repeatedly and aggressively screamed profanities at them. (Ex. 1, Kivitz Decl. ¶ 8; Ex. 2, Oswold Decl. ¶ 8.) Ms. Kable further threatened to release dogs on the survey team. (Ex. 1, Kivitz Decl. ¶ 8; Ex. 2, Oswold Decl. ¶ 8.) Videos showing Ms. Kable's conduct are attached hereto. (Ex. A to Ex. 1, Kivitz Decl.; Ex. A to Ex. 2, Oswold Decl.)

As noted above, the Company's agents have already experienced similar threatening behavior from Ms. Kable. (*See Kable*, ECF 1 at ¶¶ 23-34 (explaining that Ms. Kable shouted expletives at a Company agent as he attempted to post a survey notice at a Dell Property), ¶ 28 (explaining that Ms. Kable drove her truck near agents parked on a public roadway and shouted

expletives); ¶ 30 (explaining that Ms. Kable then followed an agent in her vehicle); ¶¶ 41-45 (explaining that Ms. Kable drove onto a property where agents were parked, shouted expletives, and threatened agents, including by swinging a baseball bat); ¶¶ 48-49 (explaining that Ms. Kable encouraged shooting company agents on social media)).  And despite the Court's order prohibiting Ms. Kable from threatening and harassing its agents, she continues to do so. In the face of such threats, coupled with Ms. Kable's clear disregard for this Court's orders and authority, the Company cannot safely return to the Bixler Church Road property, or any property affiliated with the Dells (and thus, with Ms. Kable) without additional assistance. (Ex. 1, Kivitz Decl. ¶¶ 8, 11; Ex. 2, Oswold Decl. ¶ 8.)

The Company must return to the Dell Properties to conduct future surveys and to provide notices of those surveys, as authorized by the Amended Preliminary Injunction in *PSEG 1*.  (Ex. 1, Kivitz Decl. ¶ 12.)  Indeed, the Company is slated to return to the Bixler Church Road property next week to conduct the survey it noticed on March 25, 2026. (*Id.*) Yet, the Company will not be able to complete this survey work as scheduled until it is safe to do so and thus may be even further delayed in completing the surveys this Court has permitted. (*Id.* ¶ 13.) So that the Company may safely enter and conduct work on these properties—and, in turn, gather the information required by State regulators for the Company's CPCN application to proceed—the Company respectfully seeks the assistance of the U.S. Marshals Service, as set forth in more detail below.

## LEGAL STANDARD

The All Writs Act empowers a federal court to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C § 1651(a).  "The Act enables a federal court to 'issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise

of jurisdiction otherwise obtained." *Mt. Valley Pipeline, LLC v. 4.72 Acres of Land*, 529 F. Supp. 3d 563, 566-67 (W.D. Va. 2021) (quoting *In re Am. Honda Motor Co., Inc.*, 315 F.3d 417, 437 (4th Cir. 2003)); *see also Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 40 (1985)). The power conferred by the Act even extends "under appropriate circumstances" to non-parties that "are in a position to frustrate the implementation of a court order or the proper administration of justice," and "encompasses even those who have not taken any affirmative action to hinder justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977); *Mt. Valley Pipeline, LLC*, 529 F. Supp. 3d at 567.

## ARGUMENT

### I.     The Court Should Order U.S. Marshals Accompaniment for Future Notice and Surveys onto the Dell Properties.

The Court is empowered to direct U.S. Marshals accompaniment onto the Dell Properties pursuant to the All Writs Act. The All Writs Act empowers a federal court to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S. § 1651(a). As will be explained below: (1) U.S. Marshals accompaniment upon the Dell Properties is necessary and appropriate due to Ms. Kable's repeated threats, intimidation, and efforts at obstruction; (2) U.S. Marshals accompaniment would aid the Court's jurisdiction by protecting the integrity of its Amended Preliminary Injunction; and (3) U.S. Marshals accompaniment is agreeable to the usages and principles in law, as this is the type of relief the U.S. Marshals Service exists to provide.

### II.     U.S. Marshals Accompaniment onto the Dells Properties is Necessary and Appropriate in this Case.

U.S. Marshals accompaniment on the Dell Properties is necessary and appropriate in this case because law enforcement presence is the only way to achieve the "rational ends" of the Court's Amended Preliminary Injunction: the safe and swift procurement of land surveys by the

Company.  The All Writs Act is a "residual source of authority" that is used to issue writs that are not otherwise covered by a statute.  *Pa. Bureau of Corr.*, 474 U.S. at 43.  It is often employed when there is no alternative way to achieve "the rational ends of law." *Compare Price v. Johnston*, 334 U.S. 266, 282 (1948) (holding the All Writs Act was properly employed to bring a prisoner before the court to argue his own appeal, when there was no alternative way to achieve this goal), *and United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174-75 (1977) (holding a District Court could compel a third party under the All Writs Act to assist the FBI in installing devices under a warrant as there was no statute granting the district court jurisdiction over the only party capable of installing the devices), *with Pa. Bureau of Corr.*, 474 U.S. at 42 n.7 (holding the district court lacked authority under the All Writs Act to compel the Marshals to transport a state prisoner to federal court because the habeas statute already expressly provided for the issuance of a writ "to the person having custody of the person detained").  RP § 12-111, which covers the scope of permissible surveys, does not provide a remedy that will adequately protect the safety of surveyors who face harassment, intimidation, threats of violence, and acts of violence that undermine a lawful order of this Court.

The Amended Preliminary Injunction in *PSEG 1* states that the Company "shall be permitted to enter onto the properties of Respondents and to remain on the property to the extent reasonably necessary to make surveys, run lines or levels, or obtain information relating to the acquisition and future use of the properties in connection with the [MPRP]." *PSEG 1*, ECF 268. However, the Company's survey teams cannot practically enter and remain on the Dell Properties under threat of violence and harassment from Ms. Kable. This remains true despite that the Company has already obtained an order from this Court prohibiting Ms. Kable from such threats and harassment. *Kable,* ECF 22.  Yet, the Company cannot reasonably safely return to the Dells

Generation Farms, LLC property, where Ms. Kable resides, nor to the other Dell Properties, which are nearby and connected to Ms. Kable via her affiliation with the Dell family.  Ex. 1, Kivitz Decl. ¶¶ 8, 11; Ex. 2, Oswold Decl. ¶ 8.  As a result, there is no alternative way to achieve "the rational ends" of the *PSEG 1* Amended Preliminary Injunction that would allow the Company to "enter" and "remain" on these properties to complete the surveys required by State regulators.  U.S. Marshals assistance is needed to proactively assist the execution of the Court's orders on these properties.

Moreover, U.S. Marshal assistance has already proven effective in facilitating the safe and peaceful execution of this Court's orders.  As a result of this Court's March 5, 2026 Order for U.S. Marshal assistance in *PSEG 1* and *PSEG 3*, the presence of U.S. Marshals has enabled the Company to post notice at two properties without incident. *See* Ex. 1, Kivitz Decl. ¶ 10; *PSEG Renewable Transmission LLC v. McGrew*, Case No. 1:25-cv-00591, ECF 14 at 2.

### III.    U.S. Marshals Accompaniment onto the Dell Properties Will Aid the Court's Jurisdiction and Protect the Integrity of the Court's Injunction.

U.S. Marshals accompaniment to the Dell Properties is appropriate because it will aid the Court's jurisdiction and protect the integrity of both the Court's Amended Preliminary Injunction in *PSEG 1* and the Court's order enjoining Ms. Kable in *PSEG v. Kable*.  An order directing U.S. Marshals accompaniment is appropriate where, as in this case, "the court must act to protect its own jurisdiction." *Mt. Valley Pipeline, LLC*, 529 F. Supp. 3d at 567 (citing *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 n.11 (11th Cir. 2004)).  Parties seeking an order under the All Writs Act usually point "to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by some action or behavior." *Klay*, 376 F.3d at 1101.  Additionally, "a court may enjoin almost any conduct 'which, left unchecked, would have . . . the practical effect of diminishing the court's power to

bring the litigation to a natural conclusion.'" *Id.* (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978)).  In this case, the integrity of the Court's Amended Preliminary Injunction in *PSEG 1* and its order enjoining Ms. Kable in *PSEG v. Kable* are undermined by Ms. Kable's threats of violence, her intimidation tactics, and her interference with Company's surveying efforts.

**IV.    U.S. Marshal Accompaniment onto the Dell Properties is Agreeable to the Usages and Principles of Law.**

Finally, assistance of the U.S. Marshal's Service is "agreeable to the usages and principles of law" because the U.S. Marshal's Service exists as the executive arm of the judicial branch.  Indeed, "'for the execution of judgments in the federal system,' . . . the U.S. Marshals are appropriately substituted for the local sheriff." *U.S. Bank, NA. v. B R Penn Realty Owner LP*, 137 F.4th 104, 115 (3d Cir. 2025) (quoting *LNC Invs. v. Dem. Rep. Congo*, 69 F. Supp. 2d 607, 613 n.8 (D. Del. 1999)).

Numerous courts have issued orders requesting U.S. Marshal assistance for the enforcement of court orders in comparable contexts.  *See, e.g.*, *APG Hous., LLC v. Moore*, 2016 WL 1048004, at *3 n.4 (D. Md. Mar. 11, 2016) ("The proposed Writ of Assistance here is designed to enforce this court's Order to defendant to vacate the property[.]"); *Wong v. Lubetkin (In re 40 Lake View Drive*, LLC), 2018 WL 1665697, at *2 (D.N.J. Apr. 6, 2018) (involving an enforcement order whereby U.S. Marshals were instructed to assist in the repossession of property by force and arrest any person who interferes after warning such person that interference may result in his arrest).  Even the Federal Rules of Civil Procedure provide a mechanism by which a party may seek U.S. Marshal assistance for execution of certain orders.[3]  *See* Fed. R. Civ. P. 70(c) (providing

---

[3] As Judge Gesner noted in *Apg Housing, LLC v. Moore*, although Rule 70(d) authorized the clerk of court to issue writs of assistance, "the recommendation that plaintiff make a sufficient showing

a party may seek U.S. Marshal assistance to execute a writ of attachment or sequestration against the disobedient party's property to compel obedience); *id.* Rule 70(d) (providing a party may seek U.S. Marshal assistance to enforce a judgment or order for possession).  Accordingly, the U.S. Marshals Service is the appropriate executive agency for enforcement of the Court's order.

**CONCLUSION**

For the reasons stated above, the Company respectfully requests the Court grant the Company's motion requesting the U.S. Marshals Service accompany the Company's agents onto the Dell Properties to serve notice and/or conduct future surveys.  A proposed order is attached herewith.

Date: March 26, 2026

Respectfully submitted,

*/s/ Kurt J. Fischer*
Kurt J. Fischer
Venable LLP
210 W. Pennsylvania Avenue
Suite 500
Towson, MD 21204
(410) 494-6200
kjfischer@venable.com

J. Joseph Curran III
Christopher S. Gunderson
Kenneth L. Thompson
Susan R. Schipper
Emily J. Wilson
Venable LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202
(410)-244-7400
jcurran@venable.com
csgunderson@venable.com

---

of the need for the Writ mandates judicial review of plaintiff's application."  2016 WL 1048004, at *3 n.4 (noting the Court's authority to issue such writs under the All Writs Act).

klthompson@venable.com
srschipper@venable.com
ejwilson@venable.com

*Attorneys for Petitioner PSEG
Renewable Transmission LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of March, 2026, a copy of the foregoing Motion for U.S. Marshals Assistance was served through the CM/ECF System on all counsel of record. There is currently no counsel of record for Respondent Andrea Kable. I certify that I will serve the foregoing on Respondent Andrea Kable at:

Andrea Kable
3324 Bixler Church Road
Westminster, MD 21157

*/s/ Emily J. Wilson*
Emily J. Wilson
